## LATHROP, Receiver, vs. KNAPP.

RECEIVER. (1) *When authorized to sue.* (2) *May sue one of partnership or corporation which he represents.*

RES ADJUDICATA. (3, 4) *Affirmance by divided court is.*

ESTOPPEL. (5, 6) *By judgment. Determination of fact not material is not.*

1. A receiver who is not expressly authorized to sue by the judgment or order appointing him, may be so authorized by a subsequent order.

2. A receiver who represents all the members of a partnership or corporation, or (as in this case) all the parties to a subscription for a common purpose, may maintain an action against one of the persons so represented, for a sum due from that one to the whole body represented, although the defendant may be ultimately entitled to share in the proceeds of such suit.

3. One of the justices of this court declining to sit on the hearing of a former appeal in this cause (27 Wis., 214), the order of the circuit court overruling a demurrer to the complaint was affirmed on a division of opinion between the other two justices. *Held,* that all the

questions involved in that decision are *res adjudicatæ* in this case, with the same effect as if the decision had been by a unanimous court.

4. Whether such decision should have weight or authority *in other cases*, under the rule *stare decisis*, it was not necessary to determine here.

5. A determination of the court as to any question of law or fact *not material to the issue* in an action, is not binding upon the parties in subsequent litigation.

6. In *Collins v. Case*, 23 Wis., 230, the sole object being to compel said Case to account for moneys which had been paid to him by the subscribers there named, the finding that he had not received the subscription of the present defendant *Knapp* (who was one of said subscribers) was essential to the determination of that action; but the further finding that *Knapp* had paid over the amount to certain other persons was wholly immaterial, and is not *res adjudicata* between the parties to that suit, nor does it conclude the receiver from claiming in this action that K.'s subscription remained unpaid.

APPEAL from the Circuit Court for *Racine* County.

This action was before this court on a former appeal from an order overruling a demurrer to the complaint. 27 Wis., 214. The substance of the complaint is fully given in the former report. Upon the affirmance of such order (Chief Justice DIXON and Mr. Justice COLE failing to agree, and Mr. Justice PAINE declining to sit in the appeal), the case was remanded, and the defendant answered to the effect that, in the action of *Collins v. Case*, referred to in the complaint, it became and was a material question on the trial, whether the defendant's subscription had been paid, and whether Case, the principal defendant in that action, should be charged therefor; that in said action, by the finding and judgment of the court, it was found and adjudged that defendant's subscription had, before the commencement of this action, been paid to the full satisfaction of Goddard, Steers & Co., who were the parties entitled by law to receive the same; and that said Case was not liable to account for the same to the plaintiffs in that action; that from said judgment appeal was taken to the supreme court, and the same there affirmed, and remains of force.

Lathrop, Receiver, vs. Knapp.

The trial resulted in a verdict for the plaintiff for $15,250. Motion for a new trial on the minutes was made, on the grounds that the court erred in ruling: 1. That the receiver was clothed with the necessary authority to bring this suit; as the defendant's subscription was not named in the order authorizing suits to be brought to recover subscriptions, but that in such order it was treated by the circuit court as having been paid to Goddard, Steers & Co. 2. That the action could be maintained against the defendant; as he is directly interested in both sides of the question, being both plaintiff and defendant in the action. 3. That the opinion of a divided supreme court precluded the defendant from raising the question of the sufficiency of the consideration of the subscription paper. 4. That the action of *Collins et al. v. Case*, in which the question of the payment of defendant's subscription to Goddard, Steers & Co. was distinctly put in issue, tried and decided by the circuit court, was not a bar to this action. Other grounds were assigned for the motion, but are not considered by the court. The motion was denied, and the defendant appealed.

*Ira C. Paine*, with *Chas. E. Dyer*, of counsel for appellant, argued: 1. That the receiver had no power to maintain this action upon the subscription. The order appointing him is entirely silent as to this subscription. The special order of March 12, 1869, made by the court, directing him to sue upon this subscription with other assets of the company, cannot supply the place of an original appointment. Such orders are issued to protect the receiver from liability for costs, but not as conferring any original powers upon him. 2. It appears from the record, that *Knapp* is a joint party in interest with the other parties represented by the receiver, and, therefore, no action at law can be maintained against him. 1 Chitty's Pl., 11 Am. ed., 40. *Holmes v. Higgins*, 1 Barn. & Cress., 74; *Moffatt v. Van Mullingen*, 2 Chitty's R., 539; *Harvey v. Kay*, 9 Barn. & Cress., 356. 3. The decision of the circuit court upon the question of payment of this subscription to Goddard, Steers

& Co. in *Collins v. Case*, is a bar to this action.   1 Greenleaf on Ev., § 534; Herman on Estoppels, 83; *Shephardson v. Cary*, 29 Wis., 34; *Embury v. Conner*, 3 Coms., 522; *Birchlaed v. Brown*, 5 Sand., 134.

*Fredrick Ullman*, with *Fish & Lee*, of counsel, for respondent, to the point, that the receiver has capacity and power to bring the suit, cited *Vanderpool v. Van Valkenburgh*, 2 Seld., 190; *Green v. Winter*, 1 Johns. Ch., 60; *Cross v. Mill Co.*, 17 Ill., 54; *Miller v. Ballard*, 46 id., 377.

The following opinion was filed at the June term, 1874.

DIXON, C. J.   There can be little doubt, I think, about the power and capacity of the receiver to bring this suit.   It is immaterial that he was not expressly authorized to sue by the judgment or order of the court appointing him, made on the 9th of November, 1867.   He could be so authorized by subsequent order, and such order was made on the 12th of March, 1869, and before this action was brought.

The objection that he has no capacity to sue, because, as receiver, he represents all the parties to the subscription, of whom the defendant *Knapp* is one, and, therefore, that *Knapp* is both plaintiff and defendant in the action, which it is said he cannot be, is untenable.   It often happens that receivers of partnerships and of corporations are so situated that they must bring such suits against a partner or a stockholder who may ultimately be entitled to share in the proceeds.   There would be a lack of justice in such cases — a wrong without a remedy, if the receiver could not sue.   My views of these questions are the same as expressed on the former appeal.   *Lathrop, Receiver, v. Knapp*, 27 Wis., 214, 232.

And my views respecting the validity of the subscription, expressed when the cause was here before, also continue unchanged, as do those of Mr. Justice COLE.   Upon this question we are divided in opinion, and must so remain, whilst Mr. Justice LYON, regarding himself as incompetent to sit,

refuses to take part in the decision, or to turn the scale between us. It results from this difference of opinion between Mr. Justice COLE and myself, and the inability of Mr. Justice LYON, that the decision of the circuit court upon this question must be affirmed. The circuit court held the subscription valid; and I am of the same opinion, for the reasons given upon the first appeal.

There is thus left but one question to be determined upon this appeal, which was not involved in the former decision; and that is, the question of estoppel by the judgment in *Collins v. Case*, the same brought to this court and affirmed on appeal, 23 Wis., 230. It is said that the circuit court found and determined in that action (which finding and determination were affirmed by the affirmance of the judgment by this court), not only that *Mr. Knapp*, the defendant here, *had not paid over* the amount of his subscription to Mr. Case, the defendant in that action, but also that he *had paid over* the same to Goddard, Steers & Co.; and such finding and determination are now insisted upon as an estoppel. The answer to this position is quite plain and simple. It is found in the very words of Mr. Herman, quoted in the brief of counsel, where he says: " It is often necessary to reason back to the foundation upon which the judgment rests, on the principle that when a conclusion is indisputable, and could only have been drawn from certain premises, the premises will be equally indisputable with the conclusion. * * * Again, a former judgment is conclusive, not only of things directly decided, but of every fact which was *essential* to the adjudication." Herman on Estoppel, 83. By turning to the report of *Collins v. Case*, it will be found that the circuit court, and after it this court, held that the object of that action, and the sole object, was to compel Mr. Case to account for moneys *which had been paid in to him* by the subscribers. It was in effect an action for money had and received by Mr. Case for the use of the subscribers, and to recover such money. When, therefore,

the court determined that Mr. Case *had not received Mr. Knapp's subscription*, it determined all that was *essential* to that adjudication. Whatever the court found or determined beyond that, was *immaterial* and *unnecessary* to the judgment, and not *res adjudicata*. It had no binding force or effect one way or the other. This principle is too clear and well settled to admit of comment or controversy. It was affirmed by this court in *Hardy v. Mills*, a decision of even date herewith, which see, and authorities there cited (35 Wis., 141). See also Freeman on Judgments, § 271, and authorities there cited.

It follows from these views, that the judgment appealed from must be affirmed.

*By the Court.* — Judgment affirmed.

A rehearing was granted at the June term, 1874, and the case reargued at the January term, 1875.

RYAN, C. J. When I came here, I found this case pending on motion for rehearing; involving, as I understood, the question on which DIXON, C. J., and COLE, J., had twice differed, PAINE, J., declining to sit when the case was here on demurrer to the complaint (*Lathrop v. Knapp*, 27 Wis., 214), and LYON, J., declining to sit on the hearing of the present appeal. I did not think it becoming in me to take part in such a decision, on a motion; and so COLE, J., and I concurred in ordering a rehearing. The appeal has since been reheard; and I do not find the questions as I had supposed that I should.

The principal question in the case, as it is now before the court, is the effect of the decision on the demurrer. The order of the court below sustaining the complaint and overruling the demurrer, was affirmed here by a divided court. Whether such a decision should have weight as authority, under the rule *stare decisis*, as was held in *Catherwood v. Caslon*, 13 M. & W., 261, need not now be considered. See *Morse v. Goold*, 1 Kern., 281, and cases there cited. But I cannot entertain a

doubt that all the questions settled by the judgment of this court on the demurrer are *res adjudicatæ* in this cause, in this court and in all courts (*Du Pont v. Davis*, 35 Wis., 631, and cases there cited), and with the same effect as if that judgment had been pronounced by a unanimous court. Less effect could be given to such a judgment only by going behind the judgment; and that would tend to subvert all principles on which the conclusiveness of judgments rests. I do not see why, if courts could avoid the conclusiveness of a judgment because it proceeds on a disagreement of the judges, courts might not as well avoid the conclusiveness of a judgment because it proceeds on an opinion founded in mistaken conclusions of fact or law. In both cases, alike, the judgment is impeached for not resting on sound judicial conclusions. The answer to all such attacks upon the sanctity of judgments is found in the safe and settled rule that judgments are *ex proprio vigore* conclusive. *Judicia sunt tanquam juris dicta, et pro veritate accipiuntur.* This has been expressly held of judgments *ex necessitate* of a divided court. *Durant v. Essex Co.*, 8 Allen, 103; *Same v. Same*, 7 Wall., 107. In England, as has been seen, they have even weight as authority. *Catherwood v. Caslon, supra.* See also the reporter's note to *Krebs v. Carlisle Bank*, 2 Wall. Jr., 33, copied in 7 Wall., 753.

Of the several questions argued on this appeal, this view leaves open only the bar claimed against the appellant's liability, by the judgment of the court below, affirmed by this court, in the principal case of *Collins v. Case*, 23 Wis., 230.

The respondent in this case sues as receiver in that case. And it is argued for the appellant, that the finding of the court below, in that case, that the appellant's subscription had not been paid to the defendant Case, whom the plaintiff sought to charge with it, but had been paid to Goddard, Steers & Co., is conclusive in that case and in this, that the appellant had so paid it. I cannot think so. The question then before the court in *Collins v. Case* was Case's liability, not the appellant's.

The question whether the appellant had paid it to any one, except Case, was not then before the court. And the court below had disposed of the issue before it when it found the negative, that the appellant's subscription had not been paid to Case; it must have found the affirmative, that it had been paid to some one else, only by way of an incidental and argumentative confirmation of the negative; and it traveled out of the issue in doing so. Payment by the appellant to Case was in the issue, and material to it; payment by the appellant, other than to Case, was not in the issue, and was immaterial.

And the finding of payment to Goddard, Steers & Co. is not *res adjudicata*, binding on the parties or on the court. The rule is well stated in *Hardy v. Mills*, 35 Wis., 141, in the language of *Woodgate v. Fleet*, 44 N. Y., 1: "A judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it; and although a decree, in express terms, purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto." The finding of the court below in *Collins v. Case*, that the appellant had paid to Goddard, Steers & Co., was immaterial within this rule, may be treated as *obiter dictum* in the finding, and does not conclude the parties on the question. I entirely concur with the opinion of DIXON, C. J., on the first hearing of this appeal, on this point, as well as on the question of the respondent's right to sue in this form of action, which I do not consider now an open question.

On the point on which the difference of opinion went on the demurrer, 27 Wis., 214, I do not assume to indicate any opinion. Aside from that question, for the reasons I have given, I think that the judgment of the court below should be affirmed.

COLE, J. After an examination of the authorities, I have

become satisfied that the above opinion of the chief justice is correct upon both points; and I therefore concur in the same.

*By the Court.*—Judgment affirmed.