THE FIRE DEPARTMENT OF OSHKOSH vs. TUTTLE.

*December 1 — December 17, 1880.*

*(1) Res Adjudicata.   (2) What is an action "on contract:" Costs in circuit court.*

1. The complaint having been demurred to on the ground that it did not state a cause of action (as well as for defect of parties plaintiff), and this court having determined that the demurrer should have been overruled (48 Wis., 91), the sufficiency of the complaint is *res adjudicata*, and the question cannot be raised on a subsequent appeal from a judgment in the action.

2. An action by the fire department of a city against an insurance agent to recover the percentage of insurance premiums received by him to which plaintiff was entitled under section 1926, R. S., is an action "on contract," within the meaning of subd. 7, sec. 2918, R. S.; and where the amount claimed, though within the jurisdiction of a justice's court, exceeds $200, and the damages recovered exceed $50, plaintiff is entitled to *full costs*.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover moneys alleged to be due plaintiff from defendant as the agent of various fire insurance companies; the sum demanded being two per cent. of the amount alleged to have been received by defendant as premiums for insurance of property in the city of Oshkosh. By direction of the court the plaintiff had a verdict; and defendant appealed from a judgment rendered thereon.

The Fire Department of Oshkosh vs. Tuttle.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the respondent there was a brief by *H. B. Jackson*, and oral argument by *A. E. Thompson*:

To the point that the sufficiency of the complaint was *res adjudicata* by the former decision of this court in the same case (48 Wis., 91), they cited *Parker v. Pomeroy*, 2 Wis., 112; *Downer v. Cross*, id., 371; *Cole v. Clarke*, 3 id., 323; *Wright v. Sperry*, 25 id., 617; *Noonan v. Orton*, 27 id., 300; *Du Pont v. Davis*, 35 id., 631.

Lyon, J. This case was before us on a former occasion, on an appeal from an order sustaining a demurrer to the complaint. 48 Wis., 91. An examination of the record on that appeal shows that the grounds of demurrer assigned were: *first*, defect of parties plaintiff; and *second*, that the complaint fails to state a cause of action. The order from which the appeal was taken was reversed, and such reversal was necessarily an adjudication that the complaint states a cause of action. This appeal is from a judgment which the plaintiff has recovered in the action, and the question of the sufficiency of the complaint has again been raised. The question is *res adjudicata* in the case, and cannot be again considered. Whether the decision is sound or unsound, for the purposes of this case the question is irrevocably settled. See cases cited in brief of counsel for plaintiff.

The only remaining question is one of costs. The action was commenced in the circuit court. The demand in the complaint is for judgment for $287.74, and the complaint is duly verified. The recovery is for $145, and the court awarded full costs against the defendant. The action was within the jurisdiction of a justice of the peace, and the plaintiff was not entitled to costs unless the case is within subdivision 7, sec. 2918, R. S., p. 771. If the action is *on contract*, it is within that statute, otherwise not. That this is an action on contract,

within the meaning of the statute, we cannot doubt. It is founded on the implied promise of the defendant to pay the plaintiff the required percentage of his receipts for insurance premiums. Chitty says: "Though a statute may in some respects be considered as a specialty, yet *assumpsit* may be supported for money, etc., accruing due to the plaintiff. under the provisions thereof, he not being thereby restricted to any other particular remedy." 1 Ch. Pl., 118 (16th Am. ed.). In the statute under which this action was brought, there is no such restriction. Laws of 1870, ch. 56, amended by chapter 299 of 1873 (R. S., 566, sec. 1926). But whether the action would have been *assumpsit* or debt, at the common law, it would still sound in contract, and none the less so since the forms of actions have been abolished. We suppose the legislature employed the term "on contract," in subdivision 7, *supra*, with reference to the well understood general classification of civil actions as *ex contractu* and *ex delicto*. This action contains no essential element of an action *ex delicto*. Hence, it belongs necessarily to the other class. Our conclusion is that the plaintiff was entitled to costs.

*By the Court.* — Judgment affirmed.