144 U.S. 458
 12 S.Ct. 724
 36 L.Ed. 504
 NORTHERN PAC. R. CO.
v.
ELLIS.
 April 11, 1892.
 
 STATEMENT BY MR. CHIER JUSTICE FULLER.
 Ellis brought his action in the circuit court for Douglas county, Wis., against the Northern Pacific Railroad Company, E. L. Johnson, W. H. Sage, and Henry W. Bradford, July 1, 1889, to quiet title to seven lots in the city of Superior, deraigned through one Roberts, to whom the county of Douglas, which held under certain taxdeeds, had conveyed, and then averred that the Northern Pacific Railroad Company asserted title to the lots under a certain deed, a copy of which was given. This deed recited that by resolution of the county board of supervisors, passed on the 7th day of September, 1880, and duly entered in their record of proceedings, the county of Douglas offered and agreed to transfer, by good and sufficient deed or deeds, to the Northern Pacific Railroad Company, all the alienable lots or lands belonging to the said county of Douglas, which had been acquired by deed, and to which said county had held undisputed title during two years then last past, upon condition that the said Northern Pacific Railroad Company should, within the year 1881, construct, complete, and equip a railroad from the Northern Pacific junction, entering the state of Wisconsin, and running therein between the St. Louis and the Nemadji rivers to the bay of Superior, at or near the mouth of the Nemadji river, and thence to Connor's point, along or near the westerly side of said bay, with a depot, and conventient connections with docks or piers; that the railroad company, by resolution of its board of directors, duly accepted the offer and terms of the agreement, and constructed, completed, and equipped a railroad as required; and therefore the county 'hereby quitclaims to the Northern Pacific Railroad, grantee, in consideration of the premises, and for the sum of one dollar in hand paid by said grantee,' etc., the lots in question, and others,—the deed being duly executed by the county clerk and sealed with the county seal, with proper witnesses and acknowledgment.
 It was further alleged that prior to the issuing of the deed the county board of Douglas county, on or about the 16th day of December, 1880, entered into a contract with the railroad company, substantially as appeared by the recitals in the deed, with the exception of an extension of time for one year in which to complete the road; that the contract was without authority upon the part of the county, and its acts were ultra vires and void; that the railroad company neither paid to the county or for its use, nor contracted to pay, any valuable consideration, nor to issue, nor did it issue, any stock in the company to the county, or for its use, nor did the county ever subscribe for or agree to take any stock in the company; and that the only consideration for the conveyance was the bonus or inducement to the company to locate its road in Superior.
 That the defendants Sage, Johnson, and Bradford, respectively, claimed, as owners of the original title, some interest in some of these lots; and abstracts showing the chain of title were affixed as exhibits.
 That the value of all the lots was $1,400; and that by reason of the premises the plaintiff was embarrassed and injured in his title, etc.
 The prayer was for a decree that the plaintiff be adjudged the owner of the lots in fee-simple, free from any lien, claim, title, or right made or exercised, or attempted to be made or exercised, by the defendants, or any them, by virtue of their several claims of ownership, and that the deed from the county of Douglas to the railroad company be adjudged illegal, null, and void, and the plaintiff quieted in his title and possession, etc.
 The railroad company filed its demurrer to the complaint on July 23, 1889, assigning as grounds multifariousness and insufficiency of facts stated to constitute a cause of action.
 August 22, 1889, the Douglas county circuit court entered an order overruling the demurrer, from which order the railroad company prosecuted an appeal to the supreme court of Wisconsin.
 The supreme court held that 'a conveyance of its lands by a county as a donation to a railroad company is void, and the legislature, having no power to authorize such donation in the first instance, cannot by a subsequent statute validate the conveyance,' and that the deed in question was therefore void; and it gave judgment May 20, 1890, affirming the order of the court below, and remanding the cause for further proceedings. Ellis v. Railroad Co., 77 Wis. 114, 45 N. W. Rep. 811.
 The opinion and order were filed in the Douglas county circuit court July 23, 1890, and on August 15, 1890, the company filed its answer, reasserting, among other things, its claim under the deed of the county.
 March 11, 1891, the company applied for leave to file a supplemental answer, which was denied; and on March 30th the court made its findings, upon which judgment was rendered April 13, 1891, establishing the title of the plaintiff, and adjudging the invalidity of the railroad company's claim.
 A bill of exceptions was duly signed, and contained the supplemental answer, which the railroad company had asked leave to file, and the motion for such leave, and the order thereon denying it. This supplemental answer averred that on December 13, 1889, the railroad company filed its bill of complaint in the circuit court of the United States for the western district of Wisconsin against Roberts, Johnson, and Ellis, (the plaintiff in this case,) setting forth the passage of resolutions by the board of supervisors of Douglas county, the acceptance by the company of the proposition therein made, and its compliance therewith by the construction of the line of railroad required to be built, and the conveyance to the company in accordance with another resolution of the board, whereby it was alleged the company became owner in fee-simple of the real estate mentioned therein, of which all but the seven lots embraced in this action was claimed in the complaint; that the identical question involved in this suit was involved in the case in the circuit court of the United States, which was heard, upon bill and answer, November 18, 1890, and taken under advisement, and on February 11, 1891, that court directed a decree in favor of the company and against the defendants, which decree was afterwards, on March 7, 1891, duly entered; it being thereby ordered, adjudged, and decreed that the company was the full, legal, and beneficial owner of all the lands described in the bill of complaint in said cause, and that the deeds of conveyance by the county to Roberts and by Roberts to Ellis were and are invalid and of no force and effect as against the complainant; and the railroad company insisted upon this decree as an absolute bar to the relief prayed in his action.
 The bill of exceptions also showed the evidence offered on the trial in the state court, including the resolutions of the supervisors of Douglas county and of the railroad company, and the record of the suit in the United States court, which was offered in evidence but exclued; exceptions being taken by the railroad company. From the judgment of the circuit court for Douglas county the railroad company appealed to the supreme court of the state, which on November 17, 1891, affirmed it.
 The opinion of the supreme court, by WINSLOW, J., will be found reported in advance of the official series in 50 N. W. Rep. 397. The court, after stating the case, said:
 
 
 1
 'The circuit court held, in its rulings upon the proposed answer and in its judgment, in effect, that the decision of this court upon the former appeal war res adjudicata in this action. If this view was correct, then the judgment below must be sustained, because upon that appeal the question was fairly raised whether the county could lawfully donate the land in question to the railroad company, and it was decided by this court that it could not. It is vigorously contended by appellant's counsel that the rule of law is that a decision can only become res adjudicata when it is contained in a final judgment in the cause, and that the decision upon the demurrer being confessedly not a final judgment, but granting leave to plead over, it cannot be considered as res adjudicata; and authorities are cited which undoubtedly tend to support that contention. We shall not attempt to review the authorities, nor reconcile conflicting decisions. It is sufficient to say that by repeated decisions it has become the settled law in this state that the decision of this court upon a demurrer is conclusive upon the questions legitimately involved, and is res adjudicata in that case. Noonan v. Orton, 27 Wis. 300; Lathrop v. Knapp, 37 Wis. 307; Fire Department v. Tuttle, 50 Wis. 552, 7 N. W. Rep. 549. It is true that this court has decided that an order of the circuit court upon a demurrer is not res adjudicata. This doctrine, however, is based upon the ground that such an order is reviewable by statute upon appeal from the judgment. Hackett v. Carter, 38 Wis. 394. But the decision of this court upon a demurrer upon the questions properly involved cannot be reviewed by the circuit court, nor, indeed, by this court, save upon motion for rehearing. Such questions are finally decided and settled for that case, and, as between the parties to that litigation, for all time. This view of the law decides this case. The complaint charged the appellant's alleged title to be just what the proofs now before us show it to be, and this court, prior to the judgment in the United States court, finally decided that such alleged title was worthless. The question was no longer an open one, and the circuit court was right in ruling out the record of the action in the United States court, and rendering judgment for the plaintiff.'
 
 
 2
 A writ of error was thereupon sued out from this court.
 
 
 3
 Wm. F. Vilas, for the motion.
 
 
 4
 A. H. Garland and H. J. May, opposed.
 
 
 5
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 6
 The motion to dismiss the writ of error must be sustained. The decision of the supreme court of Wisconsin rested upon an independent ground, not involving a federal question, and broad enough to maintain the judgment. Hammond v. Johnston, 142 U. S. 73, 12 Sup. Ct. Rep. 141.
 
 
 7
 The supreme court held that by reason of its decision of May 20, 1890, when the case was presented to the court on the appeal of the railroad company from the order of the lower court upon demurrer, the rights of the parties were res adjudicata, and that it was itself, as the parties were, bound by its own former judgment. Its conclusion had been announced, and its mandate had gone down, and it had no power upon a second appeal to review that judgment. This is the settled rule in Wisconsin (Lathrop v. Knapp, 37 Wis. 307; Fire Department v. Tuttle, 50 Wis. 552, 7 N. W. Rep. 549) and in this court, (Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. Rep. 568; Chaffin v. Taylor, 116 U. S. 567, 6 Sup. Ct. Rep. 518; Peck v. Sanderson, 18 How. 42; Hickman v. Fort Scott, 141 U. S. 415, 12 Sup. Ct. Rep. 9.) Under these circumstances the judgment of the supreme court is not subject to review here.
 
 
 8
 The suit in the state court, involving certain lots, was commenced before the institution of the action in respect to other real estate in the circuit court of the United States; and the judgment of the supreme court of the state had become res adjudicata between the parties before the decree was entered by the circuit court. The judgment before us was rendered in accordance with well-settled principles of general law, not involving any federal question, and did not deny to the decree of the circuit court the effect which would be accorded under similar circumstances to the judgments and decrees of the state court.
 
 
 9
 The writ of error is dismissed.