# GREAT WESTERN TELEGRAPH COMPANY *v.* BURNHAM.

ERROR TO THE CIRCUIT COURT OF MILWAUKEE COUNTY, STATE OF WISCONSIN.

No. 159. Argued and submitted March 19, 20, 1896. — Decided April 13, 1896.

When the highest court of a State, upon a first appeal, decides a Federal question against the appellant, and remands the case for further proceedings according to law, and upon further hearing the inferior court of the State renders final judgment against him, he cannot have that judgment reviewed by this court by writ of error, without first appealing from it to the highest court of the State; although that court declines upon a second appeal to reconsider any question of law decided upon the first appeal.

THIS was an action similar to that of *Great Western Telegraph Company* v. *Purdy, ante,* 329, and was brought October 8, 1888, in the circuit court of Milwaukee county in the State of Wisconsin, by the same plaintiff against George Burnham, and prosecuted against his executors, to recover the amount of an assessment alleged to be due under a contract of subscription in the same form as in that case, and under the decree of the circuit court of Cook County in the State of Illinois, therein stated.

The complaint did not state the law of Illinois, nor set forth the decree of assessment in full; but alleged, among other things, that by that decree an assessment of thirty-five per cent a share was laid upon all stockholders who had not paid in full; and that some stockholders, including the defendant, had paid ten dollars or forty per cent on each share, and many stockholders had never paid more than fifty cents or two per cent on a share.

A demurrer to the complaint, upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, was filed by the defendant, and overruled by the court.

Upon appeal by the defendant from the order overruling the demurrer, the Supreme Court of the State, as the record shows, adjudged that the order be reversed, and the cause "remanded to the said circuit court for such further proceedings therein as may be according to law;" and, in its opinion, after deciding that the assessment was unequal and unjust, added: "We do not intend to express any definite opinion as to the real effect of the decree of the Illinois court, or as to how far it concludes the rights of shareholders who were not parties to that proceeding. Those questions are not now necessarily before us, and may be postponed until they arise. We confine our decision to the objection that the complaint shows an unlawful and illegal call or assessment upon Mr. Burnham which should not be enforced." 79 Wisconsin, 47, 52, 53.

The cause was accordingly remanded to the inferior court. The plaintiff refused to amend the complaint, and insisted

that it stated a sufficient cause of action; and relied upon the decree of assessment as a judgment of a court of the State of Illinois, entitled, under the Constitution and laws of the United States, to full faith and credit in the State of Wisconsin. The inferior court sustained the demurrer, upon the ground "that the complaint does not state facts sufficient to constitute a cause of action, because it does not appear upon the face of the said complaint that a valid or legal assessment was made upon the stockholders, and that the said assessment appears by the said complaint to be unequal and unjust;" and entered final judgment for the defendant, with costs. The plaintiff thereupon sued out this writ of error.

*Mr. Thomas J. Sutherland* for plaintiff in error. *Mr. William P. Black* and *Mr. Charles E. Shepard* were on his brief.

*Mr. Reese H. Voorhees, Mr. Charles Quarles* and *Mr. George Lines,* for defendants in error, submitted on their brief.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

This court has no jurisdiction, upon writ of error, to review a judgment of a state court, unless it was a final judgment, by the highest court of the State in which a decision in the suit could be had, and against a right set up under the Constitution or laws of the United States. Rev. Stat, § 709.

The order of the inferior court of Wisconsin, overruling the defendant's demurrer, with leave to answer over, was clearly not a final judgment, under the Judiciary Act of the United States, although it was reviewable on appeal in the Supreme Court of Wisconsin, under the statutes and practice of the State.

The judgment which was rendered by the Supreme Court of Wisconsin upon such an appeal cannot be reviewed by this court; because, although it was a judgment of the highest court of the State, and against the plaintiff in error, it was

not a final judgment, disposing of the whole case, but only reversed the order of the inferior court overruling the demurrer, and remanded the case to that court for further proceedings.

The subsequent judgment of the inferior court, sustaining the demurrer and dismissing the action, cannot be reviewed by this court; because, although that was a final judgment against the plaintiff in error, setting up a right under the Constitution and laws of the United States, it was not a final judgment in the highest court of the State in which a decision in the suit could be had.

The case is singularly like *McComb* v. *Knox County Commissioners*, 91 U. S. 1, in which an order of a court of common pleas, overruling a demurrer to an answer, was reversed by the Supreme Court of Ohio, and the case remanded for further proceedings according to law ; the court of common pleas, in accordance with that decision, sustained the demurrer to the answer, and the defendant not moving to amend, but electing to stand by his answer, gave judgment against him ; and a writ of error to review that judgment was dismissed by this court, Chief Justice Waite saying : " The Court of Common Pleas is not the highest court of the State ; but the judgment we are called upon to reëxamine is the judgment of that court alone. The judgment of the Supreme Court is one of reversal only. As such, it was not a final judgment. *Parcels* v. *Johnson*, 20 Wall. 653; *Moore* v. *Robbins*, 18 Wall. 588; *St. Clair* v. *Lovingston*, 18 Wall. 628. The Common Pleas was not directed to enter a judgment rendered by the Supreme Court and carry it into execution, but to proceed with the case according to law. The Supreme Court, so far from putting an end to the litigation, purposely left it open. The law of the case upon the pleadings as they stood was settled ; but ample power was left in the Common Pleas to permit the parties to make a new case by amendment." " The final judgment is, therefore, the judgment of the Court of Common Pleas, and not of the Supreme Court. It may have been the necessary result of the decision by the Supreme Court of the questions presented for its determination ; but it is none

the less, on that account, the act of the Common Pleas. As such, it was, when rendered, open to review by the Supreme Court, and for that reason is not the final judgment of the highest court in the State in which a decision in the suit could be had. Rev. Stat. § 709. The writ is dismissed." See also *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Rice* v. *Sanger*, 144 U. S. 197; *Rutland Railroad* v. *Central Vermont Railroad*, 159 U. S. 630, 638; *Sanford Co., petitioner*, 160 U. S. 247.

In the case at bar, it was argued in support of the jurisdiction of this court that, if an appeal had been taken from the final judgment of the inferior court to the Supreme Court of Wisconsin, that court, according to its uniform course of decisions, would have affirmed the judgment, upon the ground that its decision upon the first appeal was conclusive; that this court, according to the decision in *Northern Pacific Railroad* v. *Ellis*, 144 U. S. 458, would not take jurisdiction of a writ of error to review a judgment based upon that ground only; and consequently that a writ of error from this court to the inferior court was the only way in which the decision of that court, refusing full faith and credit to the judicial proceeding in Illinois, could be reviewed by this court.

If all this were so, there would be strong ground for sustaining the present writ of error. *Wheeling & Belmont Bridge* v. *Wheeling Bridge*, 138 U. S. 287, 290; *Luxton* v. *North River Bridge*, 147 U. S. 337, 342. But the argument is based upon a misconception of the decisions supposed to support it.

It is true that the Supreme Court of Wisconsin, upon a second appeal from an inferior court, has always declined to reconsider any question of law decided upon the first appeal. *Downer* v. *Cross*, 2 Wisconsin, 371, 381; *Noonan* v. *Orton*, 27 Wisconsin, 300; *Du Pont* v. *Davis*, 35 Wisconsin, 631; *Lathrop* v. *Knapp*, 37 Wisconsin, 307; *Oshkosh Fire Department* v. *Tuttle*, 50 Wisconsin, 552. It does not, however, as appears by the two cases last cited, when that question is the only one presented by the second appeal, dismiss that appeal for want of jurisdiction; but it entertains jurisdiction, and affirms the judgment. In so doing, that court has done no more than this court has always done, or than is necessary to

enable an appellate court to perform its duties satisfactorily and efficiently, which would be impossible if a question, once considered and decided by it, were to be litigated anew in the same case upon any and every subsequent appeal. *Washington Bridge* v. *Stewart*, 3 How. 413, 425 ; *Roberts* v. *Cooper*, 20 How. 467, 481; *Clark* v. *Keith*, 106 U. S. 464; *Chaffin* v. *Taylor*, 116 U. S. 567 ; *Sanford Co., petitioner*, 160 U. S. 247, 259.

The case of *Northern Pacific Railroad* v. *Ellis* was very peculiar in its circumstances, and was as follows : Ellis brought an action against the Northern Pacific Railroad Company, in an inferior court of the State of Wisconsin, to quiet title to land ; and in his complaint set forth not only his own title, but also the title of the railroad company under a conveyance by way of donation from a county. The railroad company demurred to the complaint, the demurrer was overruled, and the company appealed to the Supreme Court of Wisconsin, which held the conveyance to be void for want of power in the county under the constitution of the state, and therefore, without any Federal question being presented or considered, affirmed the order overruling the demurrer, and remanded the case to the inferior court for further proceedings. 77 Wisconsin, 114. The railroad company then filed an answer, reasserting its title under the deed from the county; and afterwards applied for leave to file a supplemental answer, setting up a decree which, since the decision of the Supreme Court of the State, had been rendered by the Circuit Court of the United States in a suit commenced, after the former order of the inferior court, by the railroad company against Ellis and others, by which judgment the title of the railroad company in other lands held under the same conveyance was adjudged to be valid. The inferior court of the State denied leave to file the supplemental answer, and, upon a hearing, rendered final judgment against the railroad company. The company again appealed to the Supreme Court of the State, which affirmed the judgment, upon the ground that its own decision upon the demurrer as to the validity of the title of the railroad company was *res adjudicata*, and could not, accord-

ing to the settled law of the State, be reviewed by the inferior court, or even by the Supreme Court of the State, save upon motion for rehearing. 80 Wisconsin, 459, 465. The only right under the laws of the United States, suggested or considered at any stage of the proceedings in the courts of the State, was the claim that the decree of the Circuit Court of the United States, rendered after the decision of the Supreme Court of the State upon the first appeal, estopped Ellis to deny the validity of the conveyance from the county to the railroad company. The only decision made by the Supreme Court of the State upon that claim was that the invalidity of that conveyance had been finally adjudged, for the purposes of the suit, by its former decision, and therefore the decree of the Circuit Court of the United States should not be permitted to be pleaded by supplemental answer, in the nature of a plea *puis darrein continuance.* This court, in dismissing the writ of error to the Supreme Court of the State, dealt with no other question; 144 U. S. 458; and never considered the right of the railroad company, merely by virtue of its charter from the United States, to take land by such a conveyance, until that subject was brought into judgment upon the subsequent appeal from the decree of the Circuit Court of the United States. *Roberts* v. *Northern Pacific Railroad,* 158 U. S. 1, 25, 27.

There is nothing in the decisions above cited, or in any other decision of this court, which countenances the position that in Wisconsin, or in any other State, when the highest court of the State, upon a first appeal, decides a Federal question against the appellant, and remands the case to the inferior court, not merely to carry the judgment into execution, but for further proceedings according to law, and upon further hearing the inferior court renders final judgment against him, he can have that judgment reviewed by this court by writ of error, without first appealing from it to the highest court of the State, or at least, where such is the practice, presenting a petition to that court for leave to appeal. *Fisher* v. *Perkins,* 122 U. S. 522.

In the case at bar, as in *McComb* v. *Knox County Commis-*

*sioners,* above cited, the final judgment of the inferior court of the State may have been the necessary result of the previous decision by the Supreme Court of the questions presented for its determination ; but it was none the less, on that account, a. judgment of the inferior court. As such, it was, when rendered, open to review by .the Supreme Court upon a new appeal; and, for that reason, was not the final judgment of the highest court of the State in which a decision in the suit could be had.

> *Writ of error dismissed for want of jurisdiction.*