## TAMPA WATERWORKS CO. v. CITY OF TAMPA.

(Circuit Court, S. D. Florida. July 15, 1903.)

**1. JUDGMENTS—CASE PENDING ON APPEAL—RES JUDICATA.**

Plaintiff brought suit in the state court to restrain defendant from enforcing a certain city ordinance fixing the maximum rates which plaintiff should charge for water supplied to patrons in defendant city, on the ground that the passage of the ordinance was a violation of plaintiff's contract rights. A demurrer was filed to the bill, which was overruled, and a final decree of injunction rendered. On appeal the judgment was reversed, and the trial court directed to sustain the demurrer and permit further proceedings. On remand of the case the bill was dismissed, and a final decree rendered, from which plaintiff appealed, in order that the Supreme Court might render a final decision, from which a writ of error might be prosecuted to the Supreme Court of the United States. Pending such appeal plaintiff sued in the federal court to restrain the city from enforcing such ordinance, on the ground

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1025.

that the rates fixed were unreasonable, and operated as a taking of complainant's property without due process of law. *Held*, that the prior suit, while still pending, was not res judicata or a bar to the second.

**2. SAME—PUBLIC SERVICE CORPORATION—WATERWORKS—RATES—ESTABLISH-MENT—REASONABLENESS—INJUNCTION PENDENTE LITE.**

Where, in a suit to restrain the enforcement of a city ordinance establishing maximum water rates, which the city was authorized to fix under legislative authority, the bill and affidavits of plaintiff waterworks corporation showed that the rates fixed were so low that, if enforced, plaintiff would barely be able to pay operating expenses, it was entitled to an injunction restraining the enforcement of such ordinance pendente lite.

In Equity. Heard on motion for injunction pendente lite.

Sparkman & Carter and P. B. Knight, for complainant.

Glenn & Wall, for defendant.

PARDEE, Circuit Judge. The bill charges that a certain ordinance of the city of Tampa, passed under authority of the laws of the state of Florida, prescribing maximum rates that the complainant waterworks company may charge for water furnished the city and citizens of Tampa, is unreasonably low, and, if put in force and operation as threatened, will be confiscatory of the complainant's property, and will be a taking of complainant's property without due process of law, in violation of the Constitution of the United States. The facts stated in the bill and affidavits submitted show a decided prima facie case in favor of this contention of the complainant company. It is also charged in said bill that the ordinance in question is an impairment of the original contract of the complainant company with the city of Tampa, and in violation of the Constitution in that respect.

The city of Tampa, appearing on this hearing, shows no facts or circumstances in denial of the matters set up in the bill, and contends merely that a certain suit brought by the complainant in the state court of Florida in relation to the same ordinance is a bar to the complainant's bill.

The proceedings in the state court relied upon by the city of Tampa are set out in the bill and otherwise admitted to be as follows: The city of Tampa, on the 20th of December, 1901, without notice, passed Ordinance 274, undertaking to fix the water rates of the water company. This was done under and by virtue of charter 5070, the same being an act of the Legislature passed in 1901 (Act May 31, 1901, Laws 1901, p. 240), providing that cities and towns of the state of Florida were empowered by ordinance to prescribe maximum rates and charges for the supply of water furnished by individuals or corporations to cities, towns, and villages, provided such charges were just and reasonable, and provided also that the act should not be construed to impair the validity of any valid contract heretofore entered into between any city, town, or village and any person or corporation for the supply of water to such city, town, or its inhabitants. Immediately on the passage of the said ordinance the Tampa Waterworks Company filed its bill in the circuit court for Hillsborough county, Fla., claiming that in 1887 they had made a contract with the city of Tampa for the erection in said city of a waterworks plant; that in said contract the city had agreed for a term of years, to wit, 30

years, to take water from the Tampa Waterworks Company, and to pay said company a certain stipulated sum for hydrants, and also fix the rates that the company could charge the inhabitants of said city; that the enforcement of said ordinance would be in violation of said contract, and hence in violation of the contract clause of the Constitution of the United States, prohibiting any state from passing any law impairing the obligation of contracts. Upon the bill being presented to the circuit judge a temporary injunction was issued, restraining the city of Tampa from enforcing the ordinance. There was no allegation in the bill of complaint that the rates then charged by the company were reasonable, or that the rates fixed by Ordinance 274 were unreasonable; the company resting its case solely and entirely upon the ground that the enforcement of the ordinance in question would be in violation of its contract with the city. Thereafter the city of Tampa filed its answer, setting forth at length the fact that the rates charged by the Tampa Waterworks Company were unreasonable, and that the rates fixed by Ordinance 274 were reasonable. It also set forth other facts not necessary now to be stated. It also filed its cross-bill, praying the court, for reasons therein stated, to annul the contract altogether, upon the ground that the city of Tampa had no right to make the contract in question. Thereafter, and upon motion of the city of Tampa, the circuit judge permitted the withdrawal of the answer and the cross-bill filed in said case by the city, and in lieu thereof said city filed a demurrer to the original bill of complaint. The circuit judge overruled the demurrer, and (the city declining to answer) rendered a final decree making the injunction before that time granted perpetual. The city thereupon appealed the case to the Supreme Court of the state, and the sole question before that court was as to whether or not the action of the city of Tampa in passing the ordinance in question was in violation of the contract rights of the complainant.

Section 30 of article 16 of the Constitution of the state of Florida provides as follows:

"The Legislature is invested with full power to pass laws for the correction of abuses, and to prevent unjust discriminations and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature, and shall provide for enforcing such laws by adequate penalties or forfeitures."

This clause of the Constitution was in force at the time the contract between the city of Tampa and the waterworks company was made, and the Supreme Court held that it became a part of the contract as much as if it had been written into it; that their construction thereof was that the Legislature had the right at any time that it saw fit to invest cities and towns with the power to fix water, gas, electric light, telephone, or street railroad rates, and that when the Legislature by chapter 5070, the same being the act of 1901 above alluded to, invested cities and towns with the power to fix maximum water rates, and when the city of Tampa thereafter, in pursuance of said grant or power, did pass Ordinance 274, the passage of such ordinance did not, and the enforcement thereof would not, violate any contract rights of the Tampa Waterworks Company.

The court stated plainly in its decision that there was no question of the reasonableness of the rates involved in said cause, and thereupon reversed the decree of the lower court, and directed the lower court to sustain the demurrer and remanded the cause for further proceedings. The Supreme Court having remanded the cause for further proceedings, the decision was not final, and although a federal question was clearly involved no writ of error to review the same in the Supreme Court of the United States was permissible. See Telegraph Co. v. Burnham, 162 U. S. 341, 16 Sup. Ct. 850, 40 L. Ed. 991; Clark v. Kansas City, 172 U. S. 334, 19 Sup. Ct. 207, 44 L. Ed. 392.

When the mandate of the Supreme Court of the state was sent down, the circuit court rendered a decree dismissing the bill of complaint and dissolving the injunction before that time granted. Thereupon the waterworks company appealed from said decision to the Supreme Court of the state of Florida, in order that the Supreme Court of the state might render a final decision in the cause, and, if adverse, a writ of error sued out to review the same in the Supreme Court of the United States. Pending the appeal from the circuit court to the Supreme Court, an application was made by the waterworks company to one of the justices of the Supreme Court for a supersedeas; but on the 30th of June, 1903, the said Supreme Court declined to grant complainant such supersedeas. Said appeal was taken to the January term, 1904, of the Supreme Court of Florida, so that the cause is now pending on appeal from the decision of the circuit court.

While conceding that an appeal in the case was a matter of right, and necessarily that the cause is now pending in the state courts on such appeal, counsel for defendant still contends that the decree of the Supreme Court of the state of Florida rendered on the first appeal is absolutely conclusive, and cuts off all right on the part of the complainant to relitigate the matters there and herein involved.

The decree of the Supreme Court on the former appeal was as follows:

"The interlocutory decrees granting the primary injunction and overruling the demurrer to the bill, as well as the final decree perpetuating the injunction and awarding costs against the city, are reversed, and the cause is remanded with directions to sustain the demurrer to the bill and *for such further proceedings* as may be agreeable to equity practice and consistent with this opinion." (Italics mine.)

It is not necessary to cite further authority to the effect that a decree of an appellate court remanding a cause for further proceedings is not a final decree, and cannot be sustained as res judicata in any other court. Certainly, the views of judges, as expressed in opinions and not embodied in a decree, are not res judicata. Such views may be conclusive on the court which announces them, and on inferior courts of the same jurisdiction, but they are subject to doubt and denial in other courts.

It appears that the Supreme Court of Florida upon a second appeal from the inferior court declines to reconsider any question of law decided upon the first appeal. Hart v. Stribling, 25 Fla. 445, 6 South. 455; Doyle v. Wade, 23 Fla. 90, 1 South. 516, 11 Am. St. Rep. 334; Reynolds v. Fla. Cent. & Pen. R. R. Co., 42 Fla. 451, 28

South. 861; Sanderson v. Sanderson, 20 Fla. 298; Wilson v. Fridenberg, 21 Fla. 386; State v. White, 40 Fla. 318, 24 South. 160. It also appears from the above cited cases that when a second appeal is taken the court does not dismiss that appeal for want of jurisdiction, but, on the contrary, entertains jurisdiction and gives judgment. In Hart v. Stribling and Doyle v. Wade and Reynolds v. Fla. Cent. & Pen. R. R. Co. the court not only entertained jurisdiction of the appeal, but reversed the judgment of the court below. In Sanderson v. Sanderson the court affirmed the judgment. In Wilson v. Fridenberg the court rendered a new decree. Lis pendens in a state court does not bar proceedings between the same parties on the same cause of action in the federal courts. Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Bryar v. Campbell, 177 U. S. 654, 20 Sup. Ct. 794, 44 L. Ed. 926.

I am well satisfied that the decree and proceedings in the Circuit Court of Hillsborough county, now pending on appeal in the Supreme Court of the state of Florida between the parties hereto, wherein the constitutionality of Ordinance 274 of the council of the city of Tampa is involved, constitute no bar to the proceedings herein, where is mainly involved the reasonableness of the maximum water rates prescribed in said ordinance.

On the facts stated in the bill, and affidavits in support thereof, it is clear that the maximum rates imposed by the said Ordinance 274, if forced upon the complainant, will be practically confiscatory of the complainant's property. It is clearly shown that with said rates in force the complainant would barely be able to pay operating expenses. It seems to me, therefore, that an injunction pendente lite should issue to protect the rights of complainant; but, as this conclusion is based entirely upon the facts presented by the bill and affidavits in support thereof, I think it proper to require a bond to cover the contingency that the complainant's case may not be established on contradictory hearing and final decree.

It is therefore ordered that an injunction issue enjoining and restraining the defendant, the city of Tampa, from enforcing said Ordinance 274, or any provision thereof, until the further order of the court, upon complainant's giving bond in the sum of $5,000, with security to be approved by the clerk, in favor of the city of Tampa, in its own interest, and in trust for water consumers of said city, conditioned that, if complainant shall not obtain relief under the present bill, the said complainant will refund on demand to the said city of Tampa all amounts collected for water during the pendency of this suit in excess of the rates prescribed in said Ordinance 274. Should the litigation be unduly prolonged, and said bond be found insufficient in amount, another bond in a further amount may be required.