STONE, SAND & GRAVEL CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1912.)

No. 2,271.

APPEAL AND ERROR (§ 1097*)—LAW OF CASE.
  A former decision on appeal or error is the law of the case.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by the United States against the Stone, Sand & Gravel Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. Denegre, J. P. Blair, Victor Leovy, and T. M. Miller, for plaintiffs in error.

Charlton R. Beattie, U. S. Atty. (Louis H. Burns, Asst. U. S. Atty., on the brief), for the United States.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The present is the second writ of error in this case. When it was first here, the judgment was reversed and the cause remanded, with directions to enter judgment in favor of the government. United States v. Stone, Sand & Gravel Co., 177 Fed. 321, 100 C. C. A. 651. In obedience to the requirements of the mandate, judgment was duly rendered, and the court is now requested to review its former ruling and to again remand the cause. "It is," said the Supreme Court in Thompson v. Maxwell Land Grant Company, 168 U. S. 456, 18 Sup. Ct. 125, 42 L. Ed. 539, "the settled law of this court, as of others, that whatever has been decided on one appeal or writ of error cannot be re-examined on a second appeal or writ of error brought in the same suit. The first decision has become the settled law of the case. Supervisors v. Kennicott, 94 U. S. 498 [24 L. Ed. 260], and cases cited in the opinion; Clark v. Keith, 106 U. S. 464 [1 Sup. Ct. 568, 27 L. Ed. 302]; Chaffin v. Taylor, 116 U. S. 567 [6 Sup. Ct. 518, 29 L. Ed. 727]; Northern Pacific Railroad v. Ellis, 144 U. S. 458 [12 Sup. Ct. 724, 36 L. Ed. 504]; Great Western Telegraph Company v. Burnham, 162 U. S. 339, 343 [16 Sup. Ct. 850, 40 L. Ed. 991]."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is, however, insisted by counsel for the plaintiffs in error that the ruling on the first writ of error, in construing the contract between the parties, is in direct conflict with United States v. O'Brien, 220 U. S. 321, 31 Sup. Ct. 406, 55 L. Ed. 481, recently decided by the Supreme Court. Analysis of the O'Brien Case will disclose that it is clearly distinguishable from the case at bar. In that case there was no breach of contract, and it was held, under the facts appearing of record, that the government could not declare a breach, so as to hold the contractors liable in damages for failure to perform. The following clause of the syllabus correctly reflects the ruling of the court:

"Where, except for the prohibition of the United States to allow the contractor to proceed, the work might have been finished within the specified period, the United States cannot claim a breach entitling it to annul the contract and hold the contractor responsible for the difference in cost of completion."

In the present case there was an utter failure on the part of the contractor to perform his contractual obligations, and the government, on that account, was compelled to relet the contract to other parties. Bearing in mind this distinction we are of the opinion that the ruling, made by this court upon the first writ of error, is not in conflict with the views expressed by the Supreme Court in the O'Brien Case.

The judgment of the trial court should be affirmed, and it is so ordered.