**In re TRANSWORLD FOODS, INC., Debtor.**

**NORRIS GRAIN COMPANY, Plaintiff,**

v.

**TRANSWORLD FOODS, INC., Defendant.**

**Bankruptcy No. 84–109–BK–J–GP.**
**Adv. No. 84–51.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 8, 1984.

Robert A. Schatzman, Coral Gables, Fla., for defendant.

James H. Post, Jacksonville, Fla., William Ayres, Ocala, Fla., for plaintiff.

### PARTIAL SUMMARY JUDGMENT AND ORDER SETTING TRIAL AS TO REMAINING ISSUES

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on plaintiff's motion for summary judgment in an adversary proceeding initiated as a complaint for declaratory judgment on April 2, 1984. The relief requested is a declaration that the debtor has no right to present or future possession or use of certain farm

land in Marion County, Florida, which is the sole situs of debtor's farming operation and that the automatic stay does not preclude the plaintiff from completing eviction of the debtor/defendant pursuant to a state court judgment of eviction.

Prior to the controversies which have arisen between the parties, the debtor/defendant held and farmed the land pursuant to an agreement (whose nature is contested) entered into on February 8, 1984. Following default in the payments due respectively in December, 1983, and February, 1984, the plaintiff filed an eviction action in Marion County Court. Following a trial held on January 12, 1984, that Court on January 24, 1984, entered a final judgment of eviction. That Court did not make written findings of fact, and this Court has before it no record of those proceedings. The county court's judgment reads in pertinent part:

> It is ORDERED and ADJUDGED that the Plaintiff, Norris Grain Company, a corporation, recover forthwith from the defendants, TRANSWORLD FOODS, INC., a corporation, and HERBERT L. FREEL and his wife, DARLENE V. FREEL, and their agents and servants who may be occupying any portion of the premises with their permission, possession of the (subject) real property ... and
>
> It is further ORDERED that the defendants and their said agents and servants may continue to occupy such portion of the premises as is necessary to complete the harvest of the crop of artichokes, and to remove said artichokes and also the harvested crop of sorghum silage now stored on the premises, and that such harvesting and removal shall be ... completed on or before February 19, 1984, and that the Defendants ... shall remove themselves ... upon completion of the harvesting and removal ..., and that the Plaintiff ... shall have the right to enter forthwith upon the premises ... and shall be entitled to the issuance of a writ of possession to secure total possession of said premises at such time as Defendants shall have completed the har-

vesting and removal of said crops, or on February 20, 1984, whichever shall occur first ....

Following a motion for rehearing in the county court, the defendant took an appeal to the Marion County Circuit Court. The County Court determined that in order to be granted a stay pending appeal, Transworld would be required to post a supersedeas bond of $1,346,000, and granted Transworld until February 27, to file the bond. On that day Transworld did not file the supersedeas bond but did file a petition for relief under Chapter 11 of the Bankruptcy Code. The Circuit Court, according to a supplemental affidavit filed by plaintiff's counsel on July 26, 1984, entered an order affirming the judgment of the lower court. This may render moot our discussion of the effect of pendency of an appeal on *res judicata*, but we will include the discussion because we do not know that the defendant does not intend to pursue some further effort at post-judgment relief in state court. The plaintiff argues, essentially, that the eviction judgment should have broad *res judicata* effect. The defendant argues that the existence of a good faith appeal from the judgment bars the *res judicata* effect. Both parties acknowledge that the Full Faith and Credit Clause of the United States Constitution requires that this forum extend *res judicata* effect to final state court judgments; it appears clear that, on the question of whether the existence of a good faith appeal bars the application of *res judicata*, and that the federal court must look to the law of the forum rendering the decision to determine the rule to be followed, 1a *Moores Federal Practice*, ¶ 0.416[3]. The definitive case law in Florida is as follows:

> If a writ of error be issued by a court which tries the cause *de novo*, enters its own judgment upon such trial and enforces such judgment by its own process, it will while pending prevent the judgment from which it was taken being used as an estoppel. But where the court issuing the writ of error does not try the cause *de novo*, but upon the record upon

errors assigned, having power to affirm, reverse or modify the judgment appealed from, or to enter its own judgment upon the case made by the record alone, even though it possesses power to enforce by its own process, the rule is different. In such a case the writ of error either with or without a supersedeas does not have the effect of suspending or annulling the effect of the judgment from which it was taken so as to divest such judgment of its force as an estoppel .... The fact that a writ of error from the former judgment with supersedeas thereon was pending in this court at time of the trial of this case, does not render erroneous the filing of the court admitting in evidence the record of such former judgment nor the charge of the court as to its effect as evidence.

*Reese v. Damato,* 44 Fla. 692, 33 So. 462 (1902).

The seemingly contrary result in *In re Beach Resort Hotel Corp.,* 141 F.Supp. 537 (1956), may, according to the plaintiff, be distinguished on the ground that it was based on the former practice of *de novo* review of decrees in equity and thus is clearly distinguishable under the *Reese* rule. The *Beach Resort* opinion does not set forth that reason, but the case which it cites in support of that aspect of its holding, *Tampa Waterworks v. City of Tampa,* 124 F. 932 (Circuit Court, S.D.Fla., 1903) denies an appealed judgment *res judicata* effect, apparently on the basis that the appealed decision had been remanded by the Supreme Court for further proceedings. Thus it is at least arguable that *Beach Resort* can be reconciled with *Reese,* but since the rationale for that portion of the decision which is relevant here is not stated, we cannot be absolutely certain that they are consistent. In any event, the D.C. Circuit has recently expressed its conclusion that *Beach Resort* does not apply Florida law on the question of whether a judgment should be given *res judicata* effect when an appeal is pending. *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493 (D.C.Cir. 1983). To the extent that *Reese* and *Beach Resort* may be inconsistent, we will follow

the rule set forth in *Reese,* which is a clear policy statement by Florida's highest court and which continues to be the law of the forum state.

■ On the basis of the case law set out *supra,* we do not hesitate to find that the rule in Florida is that the fact that an appeal is taken bars the *res judicata* effect of a prior judgment only if the appellate body is to conduct a *de novo* fact-finding procedure and not where review is on the record. Generally, the Circuit Court in Florida has no authority to grant a trial *de novo* in exercising its appellate jurisdiction. 3 Fla.Jur.2d § 46. It appears that the general rule applies in this instance.

The plaintiff will not be permitted to use this declaratory judgment action as a route for circumventing the criteria applied to a motion for relief from stay. However, if this Court gives the state court judgment as broad an application as the plaintiff argues is appropriate, it will in effect have concluded that the defendant has no equity in the land and that the plaintiff's interests are not adequately protected in that the broad application of *res judicata* urged by the plaintiff would require us to find that the judgment of the state court which we are required to adopt includes as its premise a finding that the agreement between the parties is a true lease and that Transworld has no property right in the land itself or in the option to purchase the land.

■ It is fundamental that *res judicata* extends to all matters which were or should have been raised before the Court which rendered the judgment, 32 Fla.Jur.2d §§ 114 et seq. The difficulty arises in determining on the basis of the facts before us that all issues which this Court must determine in declaring the rights of the parties in the subject realty were in fact raised or would appropriately have been raised at the state court proceeding.

We allude particularly to the issues of 1) whether the option to purchase contained in the lease/option agreement is available to the debtor and is property of the estate, and 2) whether the agreement constitutes a

lease intended as security and whether the debtor has on that basis acquired some equity in the subject property.

We find that the record does not support a conclusion that the rights of the parties outside of the plaintiff's right to immediate possession of the property were determined by the state court. This Court is therefore prepared to grant summary judgment to the plaintiff only insofar as to hold that the state court judgment, which is entitled to full faith and credit in this Court, entitles it to immediate possession of the subject property but without prejudice to any other rights in the property that Transworld may have; with respect to those it appears that genuine issues of material fact may remain. Those issues shall be resolved at a trial.

It is, therefore, ORDERED as follows:

1. Partial summary judgment is entered on behalf of plaintiff and against defendant on issue of possession of the property to which plaintiff is entitled pursuant to final judgment of eviction entered by Marion County Court on January 24, 1984.

2. The remaining issues of this adversary proceeding will be tried before the Court on September 6, 1984, at 1:00 p.m., in Room 240, U.S. Post Office and Courthouse Building, 311 West Monroe Street, Jacksonville, Florida.