## SUPERVISORS *v.* KENNICOTT.

Whatever has been decided here upon one appeal cannot be re-examined in a subsequent appeal of the same suit. The subsequent appeal brings up only the proceedings of the Circuit Court after the mandate of this court.

APPEAL from the Circuit Court of the United States for the Southern District of Illinois.

Argued by *Mr. A. L. Knapp* for the appellants. The court declined to hear further argument.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

When this case was here on a former appeal, we decided that the mortgage in controversy was valid in favor of *bona fide* holders of the bonds it was given to secure, and that the com-

plainants were entitled to a decree for the amount of the bonds held by them. *Kennicott* v. *Supervisors,* 16 Wall. 468, 471. These questions are, therefore, no longer open; for it is settled in this court, that whatever has been decided here upon one appeal cannot be re-examined in a subsequent appeal of the same suit. Such subsequent appeal brings up for consideration only the proceedings of the Circuit Court, after the mandate of this court. *Himely* v. *Rose,* 5 Cranch, 314; *Martin* v. *Hunter's Lessee,* 1 Wheat. 355; *Browden* v. *McArther,* 12 id. 53; *Sibbard* v. *United States,* 12 Pet. 492; *Corning* v. *Troy Iron and Nail Co.,* 15 How. 466; *Sizer* v. *Manry,* 16 id. 103; *Roberts* v. *Cooper,* 20 id. 481; *Tyler* v. *Maguire,* 17 Wall. 283.

It is true that, after reversing the decree of the Circuit Court upon the former appeal, it was further ordered that the cause be remanded "with directions to award a new trial;" but the mandate as sent down "commanded that such execution and further proceedings be had in conformity to the opinion and decree of this court, as according to right, &c., ought to be had." Technically, there can be no "new trial" in a suit in equity; and as our mandates are to be interpreted according to the subject-matter of the proceeding here, and, if possible, so as not to cause injustice, *Story* v. *Livingston,* 13 Pet. 359, it is proper to inquire what must have been intended by the use of that term in the decree, since it cannot have its ordinary meaning. For that purpose, we held, in *West* v. *Brashaer,* 14 Pet. 51, that resort might be had to the opinion delivered at the time of the decree. Availing ourselves of this rule, it is easy to see that there could have been no intention to open the case for further hearing upon the issues presented and decided here. There is not an expression of any kind in the opinion indicating any such determination. On the contrary, it is distinctly declared that the mortgage was valid, and that the complainants were entitled to their judgment. Under these circumstances, it is apparent that the words "new trial" were used to convey the idea of such further action as should be found necessary to carry into effect what had been already decided. No error has been assigned upon the proceedings in the Circuit Court under the mandate construed in this way, and the decree of the Circuit Court is, therefore,                          *Affirmed.*