## CLARK v. KEITH.

Whatever was determined here on a writ of error cannot be re-examined upon a subsequent writ brought in the same suit.

ERROR to the Supreme Court of the State of Tennessee.

*Mr. Benjamin J. Lea*, *Mr. Henry Cooper*, and *Mr. Horace H. Harrison* for the plaintiff in error.

*Mr. R. McPhail Smith* and *Mr. Sparrel Hill* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

When this case was here on a former writ of error it was

decided that Keith, the collector, was bound in law to receive the genuine notes of the Bank of Tennessee, issued after May 6, 1861, in payment of taxes due the State of Tennessee, unless he showed in defence that the notes tendered were issued for the purpose of aiding the rebellion. The affirmative of this issue was put on the collector. *Keith* v. *Clark,* 97 U. S. 454. That question is no longer open in this case, for the reason that it has long been settled that whatever has been decided here on one writ of error cannot be re-examined on a subsequent writ brought in the same suit. This rule was distinctly stated in *Supervisors* v. *Kennicott,* 94 id. 498, where numerous authorities are cited, beginning as early as *Himely* v. *Rose,* 5 Cranch, 313.

On the trial of an issue framed to meet the case as it was sent back from here for further proceedings, the court instructed the jury as follows : —

" If a part of the Torbett issue (that after May 6, 1861) was made and signed by the proper officers of the bank to aid the rebellion, and the other part of said issue was made, signed, and issued for the purpose of doing a legitimate banking business, and you cannot say from the evidence in the case that the notes here sued on were issued in aid of the rebellion, or were signed and issued for legitimate banking business, then you should find for the plaintiff. In other words, the law presumes that the notes here sued upon were issued for a lawful purpose, and the burden of proof is upon the defendant to show otherwise before this defence can be sustained."

The ruling of the Supreme Court of Tennessee sustaining this instruction is the only error assigned on the record brought up with the present writ. As the instruction was in exact conformity with our former decision, we cannot re-examine it in the present case.

*Judgment affirmed.*