# CHAFFIN *v.* TAYLOR.

### ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

Argued January 7, 8, 1886.—Decided February 1, 1886.

At the former hearing of this case, *Chaffin* v. *Taylor,* 114 U. S. 309, every question of law was decided which is raised by the pleadings filed below after the judgment of reversal at that hearing.

Whatever has been decided on one writ of error cannot be re-examined, on a subsequent writ of error brought in the same suit.

*Supervisors* v. *Kennicott,* 94 U. S. 498, again affirmed.

A former judgment in this case rendered against the plaintiff in error by the Supreme Court of Appeals of the State of Virginia was reversed by this court, a report of which will be found in 114 U. S. 309.

The record at that time showed the state of the pleadings as follows:

The declaration was in trespass *de bonis asportatis;* the defendant justified the taking, &c., as treasurer of Henrico County, charged by law with the duty of collecting taxes due the State of Virginia on property and persons in said county, alleging that the property was lawfully seized and taken for taxes due from the plaintiff to the State, which, on demand, he had refused to pay.

To this plea the plaintiff replied a tender in payment of the taxes, when demanded and before the trespass complained of, of the amount due in coupons cut from bonds of the State of Virginia, receivable in payment of taxes by virtue of the act of the General Assembly of that State, passed March 30, 1871.

To this replication the defendant demurred, specially on the ground, first, that, by the act of January 26, 1882, he was forbidden to receive coupons in payment of taxes; and, second, that, by the act of March 13, 1884, an action of trespass would not lie in such a case; the two acts referred to being set out in the report of the opinion of this court in the case of *Poindexter* v. *Greenhow,* 114 U. S. 270, 275.

On this demurrer judgment was rendered for the defendant, which was reversed by this court, for the reasons set out in the opinion in the case of *Poindexter* v. *Greenhow, ubi supra,* on the ground that the statutes referred to were unconstitutional, null and void, as impairing the obligation of the contract entered into by the State with the holders of its bonds in the act of March 30, 1871.

The cause was remanded, with directions to proceed therein in conformity with law and the opinion of this court. The mandate being received and entered of record in the Circuit Court of Henrico County, that court, against the objection of the plaintiff, on motion of the defendant, permitted the latter to file a rejoinder to the replication, as follows:

"And the said defendant, by his attorney, as to the replication of the plaintiff, says: That the said plaintiff ought not to have or maintain his aforesaid action against him, because he says that at the time the said plaintiff offered to the defendant, as treasurer and collector of taxes for the county of Henrico, in payment of the taxes of the said plaintiff for the year 1883 due to the State of Virginia, a paper or instrument in print, writing, or engraving purporting to be a coupon detached from a bond of the Commonwealth of Virginia, issued under the act of assembly of 1871, entitled 'An act to fund the public debt,' he, the said plaintiff, demanded that the said defendant should receive the same, together with a small sum of national bank currency, in full for said taxes due by the plaintiff for the year 1883, and gave him, the said plaintiff, a receipt in full discharge of said taxes, notwithstanding the act of the General Assembly, approved January 14, 1882, which provides that, whenever any tax-payer or his agent shall tender to any person whose duty it is to collect or receive taxes, debts, or demands, due the Commonwealth any papers or instruments in print, writing, or engraving purporting to be coupons detached from bonds of the Commonwealth issued under the act of 1871, entitled 'An act to fund the public debt,' in payment of any such taxes, debts, and demands, the person to whom such papers are tendered shall receive the same, giving the party tendering a receipt, stating that he has received the same for the purpose of identi-

fication and verification; he shall at the same time require such tax-payer to pay his taxes in coin, legal-tender notes, or national bank bills, and upon payment give him a receipt for the same; in case of refusal to pay, the taxes due shall be collected as all other delinquent taxes are collected. The said defendant, as treasurer and tax collector for the county of Henrico, as was his duty, did, on account of said act of January 14, 1882, refuse to comply with the demands of the said plaintiff, but was willing and ready to receive, and is still ready to receive, the said paper or instrument in print, writing, or engraving purporting to be a coupon detached from a bond of the Commonwealth, issued under the act of 1871, entitled 'An act to fund the public debt,' and give said plaintiff a receipt for the same, for the purpose of identification and verification, at the same time receiving from the said plaintiff his taxes in coin, legal-tender notes, or national bank bills, giving him a receipt for the same, as required by said act of January 14, 1882, and for the purpose herein set forth. But the said plaintiff was not willing to comply with said act of January 14, 1882, and did not comply with the same, as by law he was required to do; and he refusing to pay his taxes aforesaid, the defendant, as treasurer and tax collector for the county of Henrico, as was his duty under the law, proceeded to collect the taxes from the said plaintiff in the manner set forth in the plea of the defendant heretofore filed, and as provided for in said act of January 14, 1882, and this he is ready to verify."

The cause was finally submitted on a demurrer to this rejoinder, when the court being of opinion, as the record recites, that the judgment and opinion of this court in this cause did not preclude and forbid the defendant from pleading in bar the act of assembly of January 14, 1882, set forth by him in his rejoinder, and that the Constitution of the United States did not make said act of assembly null and void as a defence to the defendant in this action, rendered judgment on the demurrer in favor of the defendant. A petition to the Supreme Court of Appeals of Virginia for a writ of error to that judgment was denied, and the cause is now brought here again for review.

This case was argued with *Barry* v. *Edmunds, ante,* 550;

*Royall* v. *Virginia, post,* 572; and *Sands* v. *Edmunds, post,* 585.

*Mr. William L. Royall* and *Mr. Daniel H. Chamberlain* for plaintiff in error.

*Mr. R. A. Ayres* and *Mr. Walter R. Staples* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court. After stating the facts in the above reported language, he continued:

The rejoinder which the Circuit Court of Henrico County permitted the defendant to file tendered no issue of fact, but one of law merely; and every question of law in the case had been covered by the former judgment of this court in this case. The proper action of the Circuit Court of Henrico County upon the mandate of this court would have been to have entered judgment on the pleadings in favor of the plaintiff, and proceeded to an assessment of his damages.

The act of January 14, 1882, set up in the rejoinder, is the same that was considered by this court in *Antoni* v. *Greenhow,* 107 U. S. 769, where it was adjudged that, as an amendment to the law regulating the proceeding by *mandamus* to compel the acceptance by the officers of the State of tax-receivable coupons in payment of taxes, it was not a law which impaired the obligation of the contract under the act of March 30, 1871.

The same act was necessarily considered in the opinion of the court in *Poindexter* v. *Greenhow,* 114 U. S. 270, as it was claimed in argument on the part of the defendant in error that the case then under consideration ought to be governed by the decision in the case of *Antoni* v. *Greenhow, ubi supra,* on the ground that the remedies provided by the subsequent acts of January 26, 1882, and of March 13, 1884, were, like that provided by the act of June 14, 1882, adequate, and therefore exclusive.

But we expressly pointed out that the last-named act of June 14, 1882, the one set up and relied on in the rejoinder of the

defendant, had no application to the case, so far as the decision in *Antoni* v. *Greenhow, ubi supra,* upheld it, because the present action was not one to specifically compel the tax collectors to receive coupons in payment of taxes, but proceeded on the ground that after the tender of coupons, in pursuance of the law of March 30, 1871, the tax collector in distraining property for the payment of the tax as still delinquent was guilty of a trespass.

In *Antoni* v. *Greenhow* that question was not decided. The court there said : " The question we are now to consider is not whether, if the coupon tendered is in fact genuine and such as ought, under the contract, to be received, and the tender is kept good, the treasurer can proceed to collect the tax by distraint or such other process as the law allows, without making himself personally responsible for any trespass he may commit, but whether the act of 1882 violates any implied obligation of the State in respect to the remedies that may be employed for the enforcement of its contract if the collector refuses to take the coupon." p. 774. And again : " In conclusion, we repeat that the question presented by the record is not whether the tax collector is bound in law to receive the coupon, notwithstanding the legislation which, on its face, prohibits him from doing so, nor whether, if he refuses to take the coupon and proceeds with the collection of the tax by force, he can be made personally responsible in damages for what he does, but whether the obligation of the contract has been impaired by the changes which have been made in the remedies for its enforcement in case he refuses to accept the coupons." p. 782.

The question that was not decided in *Antoni* v. *Greenhow* was the very question decided in the present case, and in the case of *Poindexter* v. *Greenhow,* where the grounds of the judgment are set out in full. It was there decided that the tax-payer had a contract right to pay his taxes in coupons, that a tender of them for that purpose, as to subsequent steps to collect the tax as delinquent, was equivalent to payment, and that a seizure of property under a levy thereafter for their non-payment was a trespass, notwithstanding any act of the General Assembly to the contrary, for such an act, being in breach of

the obligation of the contract of the State, is unconstitutional, and therefore null and void.

The rejoinder of the defendant allowed to be filed after the judgment of reversal, therefore, sought again to draw in question the very matter which had been already finally adjudged by this court in the same case. It did not deny the genuineness of the coupons tendered, nor the fact of tender, and the question of law broadly decided on the demurrer to the replication necessarily involved every defence, arising as matter of law, that could be made upon any existing acts of the General Assembly of Virginia, for the whole law of the case, as to the plaintiff's legal right to recover on his cause of action, was presented by the pleadings, and was concluded by the judgment of reversal.

As was said in *Clark* v. *Keith*, 106 U. S. 464, "that question is no longer open in this case, for the reason that it has long been settled that whatever has been decided here on one writ of error cannot be re-examined on a subsequent writ brought in the same suit. This rule was distinctly stated in *Supervisors* v. *Kennicott*, 94 U. S. 498, where numerous authorities are cited, beginning as early as *Himely* v. *Rose*, 5 Cranch, 313."

*The judgments of the Supreme Court of Appeals and of the Circuit Court of Henrico County, Virginia, are therefore reversed, and the cause is remanded to the said Circuit Court, with instructions to take further proceedings in accordance with law, and in conformity with this opinion.*