## The New York & Porto Rico Steamship Company *v.* Dexter.

Appeal from the District Court of San Juan, Section 1.

No. 732.—Decided March 26, 1912.

Law of the Case—Second Appeal—Questions Decided.—The questions and maters discussed, considered, and decided in the first appeal become the law of the case and are not open to consideration in the second appeal.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellant.

Mr. N. B. K. Pettingill for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On January 8, 1908, the New York and Porto Rico Steamship Company, a corporation organized and incorporated under the laws of the State of New York, operating a line of freight and passenger steamers plying between this Island and New York, and authorized to do business, with offices in the Island, sued Frank H. Dexter in the District Court of San Juan to recover the sum of $692.06, interest and costs, accruing from a contract of guaranty signed by the defendant.

The hearing having been had in due form, the district court rendered judgment finding against the plaintiff company. The company then appealed, and the Supreme Court, in its decision of June 20, 1910, reversed the judgment of the district court, and ordered the case remanded for rehearing, in the following terms:

"The judgment must be reversed, but as the record shows that there was an exception taken by the appellee with respect to the proof of loss, and as we can only properly consider errors of the appellant, the case is sent back for a new trial."

The new hearing having been had, the district court decided in favor of the plaintiff company, and from this judgment, which was entered on the record on March 7, 1911, the defendant has taken the present appeal.

The amount of the claim was fully established in the new trial, the only exceptions taken by the defendant-appellant being with respect to the refusal of the court to allow the introduction of evidence showing that Hodges, who is the person the defendant stood surety for, had left property in Porto Rico.

The purpose of defendant in presenting such evidence was, undoubtedly, to prove the certainty of the facts upon which he based his contention that the plaintiff company should have

first taken steps to collect the amount from Hodges, since he would be held liable only in case Hodges failed to effect the payment.

This is exactly the contention sustained in the former appeal, and this court, in its decision by Mr. Justice Wolf, expressed itself as follows:

"The principal contention of the appellant is that the contract sued upon is one of guaranty and not of suretyship. In other words, that the contract signed by him made him liable only in case Hodges failed to perform what he promised. By whatever name it is called, it was a plain undertaking to indemnify the company against any loss by reason of the delivery of the goods to Hodges which were consigned to Miller. Hodges said that he was the proper person to whom the goods should be delivered. Before the company would deliver, it required an undertaking from Hodges to indemnify it against loss. It also required, and the testimony shows that it is a customary requirement on the part of the company, that there should be an independent contract to save harmless, executed by some one else. This independent contract was signed by the defendant, and the testimony shows that he read it over before signing. It can make no difference that the defendant believed that he was signing another sort of agreement. There was testimony tending to show that the defendant had a telephone conversation with the company before signing as to the terms, but it is a principle of law as well as of evidence that all previous conversations between the parties are merged in the written instrument. It was the defendant, moreover, who called up the company, and he did not know with whom he spoke, or hence that it was anyone in authority." *The New York and Porto Rico S. S. Company* v. *Dexter*, 16 P. R. R., 565.

Contentions and questions discussed, considered and decided in a cause on first appeal become the law of the case and are not open to reconsideration on a second appeal. See *Clark* v. *Keith*, 106 U. S., 464; *Chaffin* v. *Taylor*, 116 U. S., 567; *Barney* v. *Winona*, 117 U. S., 228; *United States* v. *Camou*, 184 U. S., 574; *Falero et al.* v. *Falero*, 16 P. R. R., 76.

All that should be considered on this second appeal is whether or not the proceedings had in the district court were consistent with the decision rendered on first appeal, which,

as regards the questions thereon considered and decided, became the law of the case.

That is what we have done, and our conclusion is that the court below acted in conformity with the rule laid down by this court, and that the real existence and amount of the debt, which are the only points that in reality were left open to investigation and decision, have been made perfectly clear.

In view of the foregoing, this appeal is dismissed and judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Aldrey took no part in the decision of this case.