The New York & Porto Rico Steamship Co. *v.* Dexter.

Apelación procedente de la Corte de Distrito de San Juan,
Sección Primera.

No. 732.—Resuelto en marzo 26, 1912.

Ley del Caso (Law of the Case)—Segunda Apelación—Cuestiones Resuel-
tas.—Las contenciones y materias discutidas, consideradas, y resueltas en la
primera apelación, llegan a ser la ley del caso, y no deben ni pueden discu-
tirse en la segunda apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Cay. Coll Cuchí.*

Abogado de la parte apelada: Sr. *N. B. K. Pettingill.*

El Juez Asociado Sr. del Toro, emitió la opinión del
tribunal.

The New York & Porto Rico Steamship Company, una corporación organizada e incorporada, según las leyes del Estado de New York, que explota una línea de vapores de carga y pasaje entre esta Isla y la ciudad de New York y está autorizada para hacer negocios y tiene abiertas sus oficinas en esta Isla, archivó una demanda en la Corte de Distrito de San Juan, el 8 de junio de 1908, contra Francis H. Dexter, en reclamación de la suma de $692.06, intereses y costas, debida a consecuencia de cierto contrato de garantía firmado por el demandado.

Tramitado el pleito en propia forma, la corte de distrito lo resolvió en contra de la demandante. Esta apeló y la Corte Suprema, por sentencia de 20 de junio de 1910, revocó la de la corte de distrito y ordenó la celebración de un nuevo juicio, en los siguientes términos:

"Debe revocarse la sentencia, pero como los autos muestran que se tomó excepción por el apelado con respecto a la prueba de la pérdida y puesto que sólo podemos considerar debidamente los errores del apelante, debe devolverse el caso para la celebración de un nuevo juicio."

Celebrado el nuevo juicio, la corte de distrito falló a favor de la demandante, y contra la sentencia, registrada el 7 de marzo de 1911, el demandado interpuso el presente recurso de apelación.

En el nuevo juicio se acreditó cumplidamente la cuantía de la reclamación, y las únicas excepciones tomadas por el demandado y apelante se refieren a no haber permitido la corte que se practicara cierta prueba tendente a demostrar que Hodges, la persona a quien había garantizado el demandado, había dejado bienes en Puerto Rico.

Tal prueba seguramente se presentaba por el demandado para demostrar la certeza de los hechos en que basaba su teoría de que la demandante debió gestionar primero el cobro de Hodges, porque sólo en el caso de que Hodges no hubiera podido pagar, era él el responsable.

Exactamente la misma teoría se sostuvo en el recurso anterior y esta corte en su opinión, emitida por el Juez Asociado Sr. Wolf, se expresó así:

"La principal alegación del apelante es la de que el contrato objeto del pleito es uno de garantía (*guaranty*) y no uno de fianza (*suretyship*). Con otras palabras, que el contrato que firmó sólo lo hacía responsable en caso de que Hodges dejara de cumplir lo que había prometido. Comoquiera que se le llame, era una obligación clara de indemnizar a la compañía contra cualquier pérdida que tuviera con motivo de la entrega de las mercancías à Hodges que estaban consignadas a Miller. Hodges dijo que él era la persona a quien debían entregarse las mercancías. Antes de entregárselas, la compañía le exigió un contrato por el que Hodges había de indemnizarla en caso de cualquier pérdida. También exigió, y la prueba demostró que era un requisito corriente exigido por la compañía, un contrato independiente otorgado por otra persona para poner a salvo a la compañía. Este contrato independiente fué firmado por el demandado y la prueba muestra que él lo leyó antes de firmarlo. No importa que el demandado creyera que él firmaba otra clase de convenio. Hubo prueba tendente a mostrar que el demandado tuvo una conversación por teléfono con la compañía antes de firmar dicho contrato, con respecto a los términos del mismo, pero es un principio de ley así como de evidencia, que todas las conversaciones anteriores habidas entre las partes se consideran incluídas en el contrato. Además, fué el demandado quien llamó a la compañía sin saber con quién hablaba o que era una persona que tenía autoridad."

*The New York & Porto Rico S. S. Co.* v. *Dexter,* sentencia de 20 de junio de 1910; 16 Dec. de P. R., 595.

Las contenciones y materias discutidas, consideradas y resueltas en la primera apelación, llegan a ser la *ley del caso,* y no deben ni pueden discutirse en la segunda apelación.

*Clark* v. *Keith,* 106 U. S., 464.

*Chaffin* v. *Taylor,* 116 U. S., 567.

*Barney* v. *Winona, etc.,* 117 U. S., 228.

*United States* v. *Camou,* 184 U. S., 574.

*Falero et al.* v. *Falero,* Sent. del T. S. de P. R. de 4 de febrero de 1910; 16 Dec. de P. R., 79.

En esta segunda apelación sólo debemos considerar si los

procedimientos que tuvieron lugar en la corte de distrito fueron consistentes con la opinión emitida en la primera que; en cuanto a las cuestiones en ella discutidas y resueltas, ha llegado a ser la ley del caso.

Lo hemos hecho así y hemos llegado a la conclusión de que la corte inferior se ajustó a la norma establecida por esta Corte Suprema y que la certeza y la cuantía de la deuda, únicos puntos que en realidad de verdad quedaban pendientes de investigación y resolución, fueron perfectamente exclarecidos.

En tal virtud, procede declarar sin lugar el recurso y confirmar la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.