CALZADA ET AL. v. DE LA CRUZ ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 812.—Resuelto en junio 11, 1912.

ENMIENDAS A LAS SENTENCIAS—CORTES DE DISTRITO—TÉRMINOS DE SESIONES.— Aunque de acuerdo con las reglas dictadas para las cortes de distrito se designan ciertos términos de sesiones y vacaciones a dichos tribunales, la ley nada estatuye sobre el particular, y dichos términos pueden en realidad considerarse como continuos pudiendo los jueces en cualquier época dictar las órdenes que sean necesarias para modificar, ampliar o restringir las resoluciones y sentencias ya dictadas.

LEY DEL CASO (LAW OF THE CASE)—CUESTIONES RESUELTAS EN LA PRIMERA APELACIÓN.—Es un principio bien sentado que las cuestiones discutidas y resueltas en una apelación constituyen la ley del caso, (law of the case) y no pueden ser objeto de nueva argumentación en una segunda apelación interpuesta en el mismo caso. En la segunda apelación únicamente debe examinarse si los procedimientos adoptados por el tribunal sentenciador en virtud de un segundo juicio están de acuerdo con los principios enunciados en la primera apelación.

ID.—SEGUNDA APELACIÓN.—Examinada la presente apelación, se resolvió que el procedimiento seguido por la corte se ajusta a la opinión emitida por este tribunal en junio 2 de 1909 resolviendo otra apelación en este mismo caso y entre las mismas partes. (15 D. P. R., 363.)

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sr. Eugenio Benítez Castaño.

Abogados de los apelados: Sres. Frank Antonsanti y Salvador Suau.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se inició este caso por virtud de una demanda que fué presentada en la Corte de Distrito de San Juan en el año 1907. Los demandantes en aquella acción trataron de obtener de la corte que dictara una sentencia contra los demandados anulando los procedimientos para establecer el título de dominio que habían sido establecidos por el demandado de la Cruz con referencia a una finca de noventa cuerdas de terreno en el distrito de Loíza, y para que se anulara la inscripción del mismo en el registro de la propiedad.

Los demandados de la Cruz formularon su contestación

a la demanda en la que hicieron algunas alegaciones, alegando especialmente que los procedimientos tendentes a establecer el título de dominio se llevaron a cabo de conformidad con las debidas formalidades de ley y que los demandados eran los verdaderos dueños de la finca. El demandado Carrero Alvarez contestó también la demanda haciendo varias alegaciones entre las que se encontraba una reconvención, en la que se pedía a la corte que se declarara que la demanda no estaba bien fundada en tanto en cuanto la misma se refería a él y que se declarase con lugar su reconvención, la que se fundaba en el hecho de ser él el único dueño de la finca en litigio.

Celebrado el juicio del caso ante el juez de distrito que entonces presidía la sección 2ª. de esa corte, se dictó una sentencia a favor del demandante contra la que se interpuso apelación para ante esta Corte Suprema. En 2 de junio de 1909 esta Corte Suprema dictó sentencia en este caso revocando la dictada por la corte de distrito y ordenando la celebración de un nuevo juicio en el caso.

En 10 de mayo de 1910 se celebró la nueva vista del caso ante la Sección 2ª. de la Corte de Distrito de San Juan, presidida entonces por el Hon. Martin E. Gill. Todas las partes comparecieron ante la corte por medio de sus respectivos abogados, se celebró el juicio de dicho caso que quedó sometido a la consideración de la corte por virtud de una estipulación con referencia a la prueba y a los alegatos escritos de ambas partes.

En 6 de diciembre de 1910 la corte sentenciadora dictó una resolución en el caso a favor de los demandados, declarando que la demanda no estaba bien fundada e imponiendo las costas a los demandantes. Contra esa resolución se interpuso en 3 de junio, 1911, recurso de apelación. Los apelantes presentaron la exposición del caso lo que fué notificado debidamente a los abogados de los apelados en 27 de enero, 1911. Los demandantes desistieron de su apelación por haber dictado la corte sentenciadora una resolución cuya fecha no se menciona, en el año 1911, suspendiendo en todas sus partes

la sentencia que había sido dictada en el caso, y posterior-
mente y a moción de los demandados, la misma corte en 13 de
abril de 1911 dictó otra sentencia aclarando la anterior, por
la que se resolvió que la demanda no estaba bien fundada y
se declaró debidamente con lugar la reconvención establecida.
De esta última sentencia fué notificado debidamente el abo-
gado de los demandantes en 2 de septiembre de 1911, de
acuerdo con la ley que había sido aprobada en el mes de marzo
anterior.

Después de haberse concedido algunas prórrogas final-
mente se aprobó la exposición del caso, habiéndose presentado
la transcripción en esta corte.   Una moción para desestimar
la apelación fué presentada, pero la corte la desestimó seña-
lándose la vista de dicha apelación para el día 21 del mes pa-
sado ante este tribunal, habiendo sido sometido el caso por
medio de informes orales y alegatos escritos, concediéndose
cinco días a ambas partes para presentar alegatos adicionales
si así lo estimaban conveniente.   La primer cuestión que
surge en la consideración de este caso es la que se refiere a la
enmienda y cambio hecho en la sentencia dictada por el Juez
Gill de la corte sentenciadora.   La primer sentencia según se
ha expresado fué dictada en 6 de diciembre, 1910, y la segunda
en 13 de abril, 1911.   Y se alega por el apelante que la se-
gunda sentencia es nula por carecer la corte de jurisdicción
para dictarla por haber quedado la cuestión fuera de su
jurisdicción a virtud de la apelación interpuesta para ante el
Tribunal Supremo, y haber expirado el término de sesiones
de la corte de distrito en diciembre, 1910, con anterioridad a
la fecha de la segunda sentencia.   Esta alegación ha sido re-
futada alegándose que no se han establecido términos para la
corte de distrito en la ley de Puerto Rico y que si bien las
reglas de la corte determinan ciertos términos y hacen algu-
nas prescripciones con respecto a vacaciones, las sesiones de
la corte de distrito son virtualmente continuas y los jueces
pueden en cualquier fecha dictar tales órdenes que puedan

ser necesarias cambiando, ampliando o restringiendo las órdenes y sentencias anteriormente dictadas.

La diferencia entre las dos sentencias dictadas por el Juez Gill, es que en la primera se resolvió que la demanda no estaba sostenida por la prueba, dictándose sentencia a favor de los demandados. En la segunda sentencia se dictó esta misma resolución, declarándose además, que la reconvención formulada por Carrero estaba sostenida por la prueba y dictándose sentencia por la que se declaró que él era el único dueño de la finca en litigio.

Si la segunda sentencia es nula entonces la primera subsiste, y habiéndose interpuesto esta apelación contra la segunda sentencia, tendría que desestimarse a menos que la aplicáramos a la primera, en cuyo caso la sentencia de este tribunal sería virtualmente la misma, por ser las sentencias muy semejantes. Por tanto, pasaremos a considerar la apelación en la forma en que ha sido interpuesta contra la segunda sentencia, la que consideraremos como una sentencia definitiva dictada por la corte sentenciadora.

El abogado de los apelantes ha hecho un examen de todo el caso y de las declaraciones que se presentaron en todos sus alegatos e informes, e insiste en que los procedimientos para establecer el título de dominio fueron irregulares y que el traspaso de la finca en controversia de los demandados de la Cruz a su codemandado Francisco Carrero Alvarez es fraudulento y debe ser considerado como nulo y de ningún valor. Debe tenerse presente que la prueba que se presentó en la celebración del juicio de este caso ante el Juez Gill, era semejante a la que se produjo ante la corte de distrito en el primer juicio, y que fué revisada por este Tribunal Supremo a virtud de la primera apelación.

Es un principio de ley bien establecido que las proposiciones y cuestiones discutidas, consideradas y resueltas en la primera apelación constituyen la ley del caso y no deben ni pueden ser discutidas en la segunda apelación. (*New York and Porto Rico Steamship Co.* v. *Dexter,* 16 D. P. R., 595,

resuelto por este tribunal en 20 de junio, 1910, y nuevamente en 26 de marzo de 1912; *Falero et al.* v. *Falero,* 16 D. P. R., 79; *Supervisors* v. *Kennicot,* 94 U. S., 498, y casos citados; *Clark* v. *Keith,* 106 U. S., 464; *Chaffin* v. *Taylor,* 116 U. S., 567; *U. S.* v. *Camou,* 184 U. S., 574.)

Por consiguiente, resulta claro que en esta segunda apelación debemos considerar solamente la cuestión de si los procedimientos seguidos por la corte sentenciadora en el segundo juicio, fueron o nó compatibles con la opinión que esta corte promulgó en la primera apelación, y si corresponde a las cuestiones allí discutidas y resueltas, entonces la ley del caso ha sido establecida y debe observarse.

En la primera apelación de este caso y en una opinión que aparece publicada en el tomo 15 de las Decisiones de Puerto Rico, resolvimos que habían quedado establecidas tres proposiciones, a saber:

Primera. Que según el artículo 395 de la Ley Hipotecaria, la citación de colindantes no es un requisito indispensable para la justificación del dominio de una finca.

Segunda. Que nadie puede comparecer como tercero si ha intervenido como parte en una transacción fraudulenta porque ni la Ley Hipotecaria ni ninguna otra ley puede amparar el fraude; y

Tercera. Que algo más que una mera sospecha se necesita para probar la existencia de fraude en una venta de terreno hecha mediante documento público; que el fraude debe probarse mediante prueba clara, robusta y convincente, pues todas las presunciones están en contra del mismo y a favor de que se ha procedido con honradez.

Dijimos además en la opinión que entonces fué emitida por este tribunal, que:

"En cuanto a la conclusión de la corte inferior de que el traspaso del terreno hecho por los demandados Cruz al codemandado Carrero, era fraudulento, no me parece que la prueba es suficiente. Basándose a lo más en meras sospechas la sentencia de la corte inferior, no debe permitírsele que quede en pie. En otro juicio, quizás, las

partes podrán aportar más luz sobre el asunto. En los hechos del caso, según constan en los autos, no encontramos justificado ·que el demandado Carrero haya procedido de mala fe y que el título de compraventa en que funda su derecho sea simulado, ni que haya motivo legal para negarle el carácter de tercero que invoca. Pero esos extremos pueden ser materia de mayor esclarecimiento en otro juicio en el que con mayores elementos probatorios se dicte la sentencia que exijan los derechos de las partes.'' (*Calzada et al.* v. *Carrero et al.,* 15 D. P. R., páginas 368, 371.)

Por consiguiente, estimando que la opinión dictada anteriormente y de la cual hemos hecho citas, determina la ley del caso, y apareciendo de los autos que en el segundo juicio no se hizo modificación alguna en la prueba, ni que en dicho juicio ninguna de las cuestiones quedó más aclarada por no haberse presentado mejores pruebas según se indicó a las partes que hicieran; y considerando por tanto que en el segundo juicio la corte sentenciadora siguió en todos sus procedimientos las instrucciones indicadas por este tribunal al resolver la primera apelación, y que los mismos fueron compatibles con nuestra anterior opinión, debemos considerar que el caso ha sido resuelto, y declarar que es innecesario revisar por segunda vez las cuestiones que fueron presentadas anteriormente.

Siendo esta la opinión que tenemos del caso, debe confirmarse la sentencia dictada por la corte sentenciadora.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, y Aldrey.

El Juez Asociado Sr. del Toro, no tomó parte en la resolución de este caso.