## AMADÉE ET AL. *v.* PÉREZ ET AL.

### APPEAL from the District Court of Humacao.

### Contested Election Proceedings.

No 887.—Decided December 18, 1912.

CERTIORARI—LAW OF THE CASE—APPEAL.—The opinion delivered by this court on June 26, 1912, in *certiorari* proceedings, No. 94, *Pérez et al.* v. *López, District Judge,* cannot be considered as the law of the case nor can it bind the appellants in the present case so as to deprive them of a hearing in this appeal for the reason that they did not appear and were not heard in the aforesaid *certiorari* proceedings. Therefore, this case must be considered as if it had not been decided previously by virtue of *certiorari* proceedings.

APPEAL—TRANSCRIPT OF RECORD—BILL OF EXCEPTIONS—STATEMENT OF CASE—ERRORS OF LAW.—When a transcript of the record does not contain a statement of the case or a bill of exceptions, the Supreme Court can examine and consider only the errors of law which appear on the face of the record.

ID.—LAW OF THE CASE—TRANSCRIPT OF RECORD—BILL OF EXCEPTIONS—STATEMENT OF CASE—CERTIORARI—ERRORS OF LAW.—In accordance with the doctrine laid down in the preceding paragraph, there existing no bill of exceptions or statement of the case in the transcript filed and the questions of law that may be examined being the same as those decided by this court on June 26, 1912, in the *certiorari* proceedings, the opinion then delivered is the law of the case and must govern necessarily the decision of this case.

ID.—SECOND APPEAL—LAW OF THE CASE.—When by virtue of a second appeal the same case is twice brought to an appellate court the opinion delivered in deciding the first appeal constitutes the law of the case, and in considering the second appeal the court can decide only whether the proceedings in the lower court after the decision of the first appeal are in harmony with the opinion delivered in deciding the same, which opinion, so far as relates to the questions considered and decided therein, constitutes the law of the case which must govern the second appeal.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellants.

*Messrs. Muñoz and Brown* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a contested election case, originating in the village of Vieques in the judicial district of Humacao. The appellants allege that on May 4, 1911, they filed in the clerk's office of the District Court of Humacao a complaint to annul

the municipal elections of Vieques; that is to say, to eliminate from the list of electors who voted for the Union ticket in the municipality of Vieques the fraudulent votes set forth in the complaint, and to declare the election of the candidates of the Republican party to be legal, by reason of their having received the larger number of legal votes.

On the trial in the district court, the exceptions made by the defendant to the complaint were sustained by proper orders, and leave was at the same time granted to the plaintiffs to amend the complaint. The defendants, claiming that the question of amendment to the complaint was jurisdictional, brought the case to this Supreme Court by *certiorari,* and it was here tried and decided on June 26 last. This court then and there declared the *certiorari* to be well founded, and annulled the orders dictated by the District Court of Humacao on March 9 and May 28 of the current year, directing the trial court to proceed with the case in accordance with the principles established in the opinion of this court delivered at the same time that judgment was pronounced. This judgment was communicated to the court below, and the court thereupon, on July 5 following, reciting in the said record the judgment of the Supreme Court, dismissed the complaint of the plaintiffs with costs in favor of the defendants. From this judgment this appeal is prosecuted.

When the case was filed in this court, a motion was made by the respondents to dismiss the appeal, on the ground that the action of the district court in rendering its judgment of July 5 was merely ministerial, carrying out the orders of the Supreme Court, and that no appeal would lie from such an order. This motion was overruled, the court holding that the District Court of Humacao was acting in a judicial capacity and rendered its judgment in the exercise thereof, and that the appeal should be heard. The case was accordingly set down for hearing; and, on the second of the current month, both parties, through their counsel, were heard in oral argument, and presented their briefs.

It is contended that inasmuch as the opinión rendered by this court on June 26 last was in a *certiorari* proceeding, that the decision therein made is subject to attack and review, and cannot be regarded as settling the law of the case. Had the appellants herein, who were the plaintiffs below, made themselves parties to the *certiorari* proceeding, as they had a right to do, we might take a different view of the question from the one presented by them here and now, and hold that the opinion of this court delivered last June, although rendered in a case of *certiorari,* contained the law of the case, inasmuch as it disposed of the matter on jurisdictional grounds and went to the foundation of the action, as it was necessary to do on the question presented; but since these appellants did not appear in the *certiorari* proceeding, and were not heard here on the trial of that case, we will not hold them bound by the decision then and there made so as to cut them off from any further hearing. We therefore consider the case as though it had been presented originally on appeal without any previous consideration on *certiorari.*

But we must advert to the fact that in the record presented here for our consideration, the appellants have not formulated any bill of exceptions nor statement of the case, and have only presented to us a transcript of the record, properly certified by the secretary of the court below. We therefore find, on investigation, that the principal questions of fact and of law which are contained in this record now presented on appeal are the same which were discussed and decided by this Supreme Court in the *certiorari* proceeding, and no new matters are brought to our attention. Nor is any error assigned which is alleged to have been committed by the District Court of Humacao since the decision of this case on *certiorari,* nor is it shown that the court below should not have rendered the judgment which it did on July 5 last, in accordance with the decision of this court made a few days previously.

According to the opinion of this court delivered on April

20, 1909, in the case of *Gutiérrez* v. *Bustelo,* reported in 15 P. R. R., 228 *et seq.,* where there is no statement of facts in the record, nor any bill of exceptions, nor statement of the case, this court is limited in its examination of the errors, if any are assigned, to such as relate to the law alone, and which may be apparent on the face of the record. So it is that we are precluded from considering many of the able points made in the oral argument by the appellant's counsel. Therefore we find ourselves considering virtually the same case which was presented here on the proceeding in *certiorari,* including all the legal questions arising from the erroneous orders dictated by the District Court of Humacao, which questions were decided by us in the said *certiorari* proceeding on June 26 last. Then, under all the circumstances of this case, and considering the record as here before us, we feel bound to follow the decision which we made in the *certiorari* case and regard the law as therein announced as settled. Had the case been brought here in the first case by appeal, instead of *certiorari,* there would be no question that all that could be considered on the second appeal would be whether or not the proceedings had in the district court on the second trial were consistent with the decision rendered on the first appeal, such decisions being universally regarded as to the questions previously considered and decided as the law of the particular case. (*U. S.* v. *Camou,* 184 U. S., 574; *Barney* v. *Winona,* 117 U. S., 228; *Chaffin* v. *Taylor,* 116 U. S., 567; *Clark* v. *Keith,* 106 U. S., 464; *Falero et al.* v. *Falero,* 16 P. R. R., 76, referred to in the case of the *New York and Porto Rico Steamship Company* v. *F. H. Dexter,* decided by this court on March 26 last.

Such being the aspect of the case as presented to us on this appeal, the judgment of the District Court of Humacao rendered herein on July 5 last was correct and should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.