## AMEDÉE ET AL. *v.* PÉREZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

PROCEDIMIENTO sobre impugnación de elecciones.

No. 887.—Resuelto en diciembre 18, 1912.

LEY DEL CASO—CERTIORARI—APELACIÓN.—La opinión emitida por este tribunal el 26 de junio de 1912 en el recurso de *certiorari* No. 94 de *Pérez et al. v. López, Juez de Distrito*, no puede ser considerada como la ley del caso, ni puede obligar a los apelantes en el presente caso, en el sentido de privarles del derecho a ser oídos en esta apelación, porque ellos no comparecieron ni fueron oídos en el citado procedimiento de *certiorari*, así es que este caso debe ser considerado como si no hubiera sido previamente resuelto en virtud del certiorari.

APELACIÓN—EXPOSICIÓN DEL CASO—ERRORES DE DERECHO.—Cuando una transcripción no contiene exposición del caso ni pliego de excepciones, el Tribunal Supremo sólo. puede examinar y considerar los errores de ley que aparezcan de los autos.

LEY DEL CASO—CERTIORARI—ERRORES DE DERECHO.—De acuerdo con la doctrina sentada en el párrafo anterior, no existiendo pliego de excepciones ni exposición del caso en la transcripción presentada, y siendo las cuestiones de derecho que pueden examinarse las mismas que fueron resueltas por este tribunal en el caso de *certiorari* fallado en junio 26 de 1912, la opinión emitida entonces es la ley del caso y necesariamente tiene que regir la resolución de este.

ID.—SEGUNDA APELACIÓN.—Cuando un mismo caso se presenta dos veces a un tribunal de apelación en virtud de una segunda apelación, la opinión emitida al resolver la primera apelación constituye la ley del caso, y al considerar el tribunal la segunda apelación únicamente puede resolver si los procedimientos tramitados en la corte inferior después de fallada la primera apelación, están en harmonía con la opinión emitida al resolver la primera apelación, cuya opinión en cuanto a las cuestiones consideradas y resueltas por ella constituye la ley del caso que ha de regir la segunda apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel F. Rossy.*

Abogados de los apelados: *Sres. Muñoz y Brown.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

El presente caso sobre impugnación de elecciones se inició en la villa de Vieques, perteneciente al Distrito Judicial de Humacao. Alegan los apelantes que el día 4 de mayo de 1911, presentaron en la oficina del Secretario de la Corte de Distrito de Humacao, una demanda con el fin de que fueran anu-

ladas las elecciones municipales de Vieques, o sea, para que quedaran eliminados de la lista de electores que votaron la candidatura de la Unión en la municipalidad de Vieques, los votos fraudulentos mencionados en la demanda, y fuera declarada legal la elección de los candidatos del Partido Republicano por haber obtenido los mismos el mayor número de votos con arreglo a la ley.

La corte, mediante las debidas órdenes, declaró con lugar las excepciones que los demandados formularon a la demanda, concediéndose a la vez permiso a los demandantes para enmendar su demanda. Los demandados fundados en la alegación de que la enmienda a la demanda era una cuestión jurisdiccional elevaron el caso a este Tribunal Supremo a virtud de un *certiorari,* celebrándose la vista del mismo y dictándose sentencia en 26 de junio último. (*Pérez et al.* v. *López, Juez de Distrito.*) Este tribunal declaró entonces y en dicho caso que el *certiorari* estaba bien fundado, anulando por tanto las órdenes que dictó la Corte de Distrito de Humacao en 9 de marzo y 28 de mayo del corriente año, y ordenó que la corte sentenciadora siguiera conociendo del caso de acuerdo con los principos establecidos en la opinión de esta corte que fué emitida al dictarse la sentencia. Esta sentencia se comunicó a la corte inferior y en 5 de julio siguiente dicha corte, haciendo mención en los autos de la sentencia dictada por el Tribunal Supremo, desestimó la demanda que presentaron los demandantes, con costas a favor del demandado. Contra esta sentencia se ha interpuesto la presente apelación.

Al ingresar el caso en esta corte presentaron los apelados una moción para que se desestimara la apelación por el fundamento de que la acción tomada por la corte de distrito al dictar su sentencia en 5 de julio era simplemente ministerial y en cumplimiento de las órdenes de la Corte Suprema, y por tanto no podía interponerse apelación contra dicha orden. Esta moción fué desestimada, resolviendo este tribunal que la Corte de Distrito de Humacao obraba con autoridad judicial y dictó su sentencia en el ejercicio de la misma, debiendo

por consiguiente ser oída la apelación.   El caso fué en efecto señalado para vista, informando las partes oralmente por medio de sus respectivos abogados el día 2 del corriente mes, quienes también presentaron sus alegatos.

Se alega que puesto que la opinión emitida por este tribunal el día 26 de junio último fué en un procedimiento a impugnación y revisión, y no puede ser considerada como que resuelve la ley del caso.   Si los apelantes en este tribunal que fueron los demandantes en la corte inferior se hubieran hecho partes en el procedimiento de *certiorari*, a lo cual tenían derecho, hubiéramos considerado la cuestión bajo un aspecto distinto al que ellos alegan ahora ante este tribunal, y resolveríamos que la opinión emitida por esta corte en junio último, si bien fué dictada en un caso de *certiorari*, contenía la ley del caso puesto que en ella se resolvió la cuestión por fundamento de jurisdicción y afectaba a la causa de la acción, como era necesario que sucediera en vista de la cuestión presentada; pero como estos apelantes no comparecieron en el procedimiento de *certiorari* y no fueron oídos ante este tribunal al celebrarse la vista de aquel caso, no los consideraremos obligados por la sentencia que se dictó entonces en aquel caso, de modo tal que no puedan ser oídos nuevamente.   Por consiguiente, consideraremos el caso como si hubiera sido presentado originalmente en apelación, sin haber sido considerado previamente a virtud de un *certiorari*.

Pero debemos hacer referencia al hecho de que en los autos que han sido remitidos a este tribunal para nuestra consideración, los apelantes no han formulado ningún pliego de excepciones o exposición del caso, y solamente han presentado una transcripción de los autos debidamente certificada por el secretario de la corte inferior y encontramos, por consiguiente, de un examen que hemos hecho de los autos, que las principales cuestiones de hecho y de derecho que aparecen en estos autos que ahora se traen en apelación, son las mismas que fueron discutidas y resueltas por este Tribunal Supremo en el procedimiento de *certiorari*, no habiéndose sometido

nuevas cuestiones a nuestra consideración. Ni se ha señalado ningún error que se alegue haberse cometido por la Corte de Distrito de Humacao desde que se dictó la sentencia de este caso a virtud del *certiorari,* sin que tampoco se haya demostrado que la corte inferior no debió haber dictado la sentencia que dictó el día 5 de julio último, de conformidad con la sentencia de esta corte que había sido dictada algunos días antes.

Según la opinión de esta corte emitida en 20 de abril de 1909 en el caso de *Gutiérrez v. Bustelo,* anotado en el tomo 15, D. P. R., 243 y siguientes, cuando no existe en los autos ninguna exposición de hechos, ni pliego de excepciones, ni exposición del caso, esta corte está limitada en su examen de los errores si alguno se señala, a aquellos que se refieren a la ley solamente y que aparecen de la faz de los autos. Por esta razón estamos imposibilitados de tomar en consideración muchas de las cuestiones importantes presentadas por el abogado del apelante en su informe oral. Por consiguiente nos encontramos virtualmente considerando el mismo caso que fué presentado a esta corte en el procedimiento de *certiorari,* incluyendo todas las cuestiones de ley que surjen de las órdenes erróneas que fueron dictadas por la Corte de Distrito de Humacao, cuyas cuestiones fueron resueltas por esta corte en el referido procedimiento de *certiorari* el día 26 de junio último. Por tanto, en vista de todas las circunstancias de este caso, y tomando en consideración los autos que tenemos sometidos a nuestra consideración, estamos obligados a seguir la sentencia que dictamos en el caso de *certiorari* y a declarar que la ley relativa al caso ha quedado establecida en la forma en que ha sido enunciada en aquel caso. Si se hubiera traído el caso a este tribunal por primera vez en apelación en vez de a virtud de un *certiorari,* no habría duda alguna de que todo lo que podía ser tomado en consideración en la segunda apelación, sería el hecho de si los procedimientos habidos en la corte de distrito en el segundo juicio fueron o nó compatibles con la sentencia dictada en la primera apelación, siendo tales decisiones universalmente con-

sideradas como la ley del caso, determinado en cuanto a las cuestiones que anteriormente fueron tomadas en consideración y resueltas. (*U. S.* v. *Camou,* 184 U. S., 574; *Barney* v. *Winona,* 117 U. S., 228; *Chaffin* v. *Taylor,* 116 U. S., 567; *Clark* v. *Keith,* 106 U. S., 464; *Falero et al.* v. *Falero,* 16 D. P. R., 79, al cual se hace referencia en el caso de la *New York and Porto Rico Steamship Company* v. *F. H. Dexter,* resuelto por esta corte el día 26 de marzo último.

Encontrándose en estas condiciones el caso según ha sido presentado a este tribunal en esta apelación, la sentencia dictada por la Corte de Distrito de Humacao en dicho caso el día 5 de julio último fué correcta y debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.