## UNITED STATES v. VACCARO BROS. & CO. et al.

(District Court, E. D. Louisiana.   January 5, 1916.)

### No. 15150.

1. ALIENS ⬥⟹31—ADMISSION OF ALIENS UNDER BOND—AUTHORITY TO REQUIRE.
   Under Act April 29, 1902, c. 641, § 2, 32 Stat. 176 (Comp. St. 1913, § 4338), authorizing the making of rules and regulations to govern the admission of Chinese persons into the United States, the Secretary of Commerce and Labor had authority to make a rule requiring the giving of a bond as a condition to the admission of Chinese seamen on shore leave, since while they were not, as sailors, within the terms of the Chinese Exclusion Acts, they would become laborers, within those acts, if they deserted their ships and remained in the country.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬥⟹31.]

2. ALIENS ⬥⟹31—ADMISSION OF ALIENS UNDER BOND—RIGHT OF ACTION ON BOND.
   A regulation of the Secretary of Commerce and Labor required a bond in the penalty of $500 for each Chinese seaman discharged or granted shore leave at ports of the United States, to secure their departure from the United States within 30 days. Pursuant thereto, a bond was given, and three members of a crew were granted shore leave, and deserted, and failed to depart within 30 days. *Held*, that a suit by the United States for the penalty of the bond was not oppressive and inequitable, as the penalty would hardly do more than recompense the government for the expense of arresting and deporting such seaman.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. ⬥⟹31.]

At law. Suit by the United States against Vaccaro Bros. & Co. and others. On exception to the petition. Exception overruled.

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph W. Montgomery, Asst. U. S. Atty., of New Orleans, La.
Denegre, Leovy & Chaffe, of New Orleans, La., for defendants.

FOSTER, District Judge. This is a suit to collect a penalty on a bond given to guarantee the return of certain Chinese sailors of the steamship Tinhow granted shore leave. The defendants except on the ground that the petition discloses no cause of action.

Under the authority of section 2 of the Act of April 29, 1902, the Secretary of Commerce and Labor adopted rule 7 of the Regulations Governing the Admission of Chinese, as follows:

"To prevent violations of laws by Chinese seamen, discharged or granted shore leave at ports of the United States, bond with approved security, in the penalty of five hundred dollars for each such seaman, shall be exacted for his departure from and out of the United States within thirty days."

The petition avers the giving of the bond, which is annexed as an exhibit, and that three members of the crew of the steamship Tinhow were granted shore leave in Boston and deserted, and thereafter failed to depart from the United States within 30 days from the date of the bond.

[1] The defendants attack the authority of the Secretary of Commerce and Labor to exact a bond for the granting of shore leave to Chinese sailors, and set up that, as sailors, they are not within the terms of the Chinese Exclusion Acts. Granting that this is so, still it is reasonably certain that, when sailors desert their ships and remain in the country, they become laborers within the full meaning of the term, and in my opinion the Secretary of Commerce and Labor had the authority to exact the bond in question by virtue of the statute giving him the right to make rules and regulations to govern the admission of Chinese persons into the United States. Furthermore, it seems that the bond was not extorted colore officii, but was voluntarily given, and therefore may be collected, although not strictly authorized by law. Moses v. United States, 116 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119.

[2] And it would seem the bond was not without consideration, as it would be practically impossible to maintain Chinese crews on vessels trading regularly with the United States, unless they could be granted shore leave. Undoubtedly, the government could exact under the existing laws very onerous conditions for this permission. By the giving of the bond all of this is avoided. Nor is the suit of the United States oppressive and inequitable, as these Chinese persons, having deserted their ship and entered into the country, would have to be arrested and deported, and the penal sum of the bond would hardly do more than recompense the government for the expense involved.

The exception will be overruled, and the defendant be allowed 10 days in which to answer.