## ILLINOIS CENT. R. CO. v. CRAIL. *

Circuit Court of Appeals, Eighth Circuit.
February 20, 1929.

No. 8014.

Edward C. Craig, of Chicago, Ill., and Edwin C. Brown, of Minneapolis, Minn. (R. V. Fletcher, of Chicago, Ill., and Guesmer, Carson, Brown & Loughin, of Minneapolis, Minn., on the brief), for plaintiff in error.

Stanley B. Houck, of Minneapolis, Minn. (W. Yale Smiley, of Minneapolis, Minn., on the brief), for defendant in error.

Before LEWIS, KENYON, and COTTERAL, Circuit Judges.

KENYON, Circuit Judge. This case, involving the amount of recovery for the loss of 5,500 pounds of coal in transit, is here for the second time on writ of error from the District Court of the United States for the District of Minnesota. The judgment originally entered by the trial court was reversed by this court, and the case remanded to the District Court with instructions. Crail v. Illinois Cent. R. Co., 13 F.(2d) 459. The trial court in rendering judgment delivered an extended opinion, which will be found in (D. C.) 21 F.(2d) 836. Reference to these two decisions will give full enlightenment as to the facts. The case was originally tried under a stipulation waiving a jury, and also a stipulation of facts. It is unnecessary to set forth this stipulation. Upon the second trial in the District Court after the reversal of judgment by this court, an amended stipulation of facts was entered into, which differed only slightly from the stipulation in the first case. It is claimed by plaintiff in error that the new amended stipulation was sufficient to constitute the case a different one from the case made at the first trial. The trial judge held that it did not substantially change the case, and entered judgment in accordance with the opinion of this court. We are satisfied that the case now presented is the identical one presented to this court and decided in 13 F.(2d) 459. We are therefore confronted with the question as to whether or not on the second writ of error we should reconsider the legal question decided when the case was here before, i. e., the rule of damages to be applied for the loss of the coal in shipment. The rule laid down by this court in its former decision became the "law of the case." While it is within the power of the courts to disregard the rule of "law of the case" in the interest of justice, it is the general practice of courts to

*Certiorari granted 49 S. Ct. 483, 73 L. Ed. ——.

refuse "to reopen what has been decided." Wayne County v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 S. Ct. 568, 27 L. Ed. 302; Thompson v. Maxwell Land Grant Co., 168 U. S. 451, 18 S. Ct. 121, 42 L. Ed. 539; Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152; National Bank of Commerce v. United States (C. C. A.) 224 F. 679; United Press Ass'ns v. National Newspapers' Ass'n (C. C. A.) 254 F. 284; Chase v. United States (C. C. A.) 261 F. 833; City of Seattle v. Puget Sound Power & Light Co. (C. C. A.) 15 F.(2d) 794. We are satisfied that the situation presented here is one calling for the application of the rule of "law of the case," and we so hold.

Affirmed.