WALTON, Respondent, v. COMMERCIAL CREDIT
COMPANY, et al, Appellants

(9 N. W.2d 266.)

(File No. 8553.  Opinion filed April 24, 1943.)
Rehearing Denied June 15, 1943.

**Cherry & Braithwaite,** of Sioux Falls, and **Dwight Campbell,** of Aberdeen, for Appellant.

**Max Stokes,** of Aberdeen, for Respondent.

RUDOLPH, J. ■ Following the filing of the opinion in this case, reported in 68 S. D. 151, 299 N. W. 300, the plaintiff applied to the circuit court for an order permitting him to amend his complaint. By his application plaintiff sought such order on the ground that he wished to make his complaint conform "to the evidence * * * and as a matter of right." Plaintiff was not privileged to amend his complaint "as a matter of right." SDC 33.0914. We mention the fact that this application was to amend the complaint to conform to the evidence, because with one possible exception plaintiff has not intimated that he wished to produce

any further or other evidence than that submitted at the trial which resulted in the judgment that was reversed. We think it clear that this application was granted by the trial court upon the basis that the amended complaint would conform to the proof submitted at the former trial. The trial court entered an order allowing the amendment, and permission to appeal from the order has been granted the defendant by this court.

█ The possible exception referred to above relates to evidence concerning a carload of washing machines purchased on January 7, 1938, which were not in issue at the former trial, and concerning which there is no claim of conversion. Plaintiff states in his brief that the evidence relating to this carload of washing machines is in the record, but at the hearing in this court it was suggested that additional evidence might be introduced on this proposed issue. Plaintiff's theory regarding these washing machines, as stated in his brief, is as follows:

"The pleading of the first car load was made because of the payment of usurious interest by the bankrupt, over payment and other credits that should be considered in ascertaining if the purchase price of the goods seized were paid for at time of seizure."

If plaintiff has some claim for alleged usurious interest or something else, arising out of a transaction entirely separate and distinct from the transaction whereby plaintiff became possessed of the goods that are the subject of this litigation and that were taken by defendant, such claim would not constitute a payment of the note given the defendant for the goods now in litigation or in any manner defeat defendant's right to repossess these goods under the express terms of the trust receipt. No extended discussion is necessary. We are of the opinion that reference to this transaction of January 7 and plaintiff's theory in regard thereto are immaterial and have no bearing upon the subject of this litigation, and neither states or aids in stating a cause of action against the defendant.

■ Plaintiff also claims usury in connection with the transaction upon which this action is predicated. This question while not formerly pleaded was presented and argued on the former appeal. Plaintiff's position with respect to the alleged usury in so far as it might affect defendant's right under the trust receipt to repossess the goods is not entirely clear, but be that as it may, we are convinced from the record that the interest charged was not usurious.

■■ As disclosed by the former opinion, the original complaint sought to recover damages for the conversion of certain personal property. This court held, upon the record made, that the plaintiff had failed to establish a conversion of the property. On the issue of conversion there is an entire absence of any showing that the plaintiff can produce new or different evidence to establish the alleged conversion. The prior decision of this court is, therefore, final upon this issue. Whatever has been decided upon one appeal cannot be re-examined in a subsequnent appeal of the same action. Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 S. Ct. 568, 27 L. Ed. 302; Chaffin v. Taylor, 116 U. S. 567, 6 S. Ct. 518, 29 L. Ed. 727.

■ The proposed amended complaint in addition to alleging conversion, the transaction of January 7, and usury, attempts to set out two other issues which were not pleaded in the original complaint, and although argued in the briefs on the former appeal, were perhaps neither expressly nor implicitly passed upon by the former decision. It is alleged that the transaction relating to the property as set out in the former opinion amounted to a conditional sale, that the retaking of the property must conform to the provisions of SDC 54.02, and damages are sought for an alleged failure to comply with these code provisions. SDC 54.0225. Apparently, these damages as sought under this portion of the amended complaint, are not based on conversion, but are sought simply as damages for failure to comply with the Conditional Sales Law. Whether this distinction in the

nature of the damages is sound we need not now determine. If not implicit in the former decision, we now expressly hold that the transaction involved did not constitute a conditional sale, and is not governed by our statutes relating to conditional sales. The reasons upon which we base this holding are well expressed in the case In re James, Inc., 2 Cir., 30 F.2d 555, 557, which was cited and relied upon in the former opinion.

"There are various forms of chattel security, as a pledge, conditional sale, or mortgage. But the trust receipt does not, on its face or by its name, purport to conform to any of these types. It is not a pledge, for a pledge depends upon possession of the parties secured, and, when possession is lost, so is the security. While the title in the case of a pledge is in the pledgor, or in another than the pledgee, such is not true in a trust receipt, where the title is intended to remain in the party secured while the possession is intrusted to one who has a certain interest as yet indefinite in the property. The practice of a conditional sale bears some resemblance to a trust receipt.. Possession cannot be retaken until there is a default; whereas in a trust receipt, it can be retaken at any time. The holder of the trust receipt is not interested in the sale of the property or its commercial or market value. If he retakes the goods, and sells them for an amount in excess of the sum, this excess belongs to the buyer or importer; whereas, in a conditional sale, the buyer is interested only in such amount as he has paid on account of his contract. In any event, the holder of the trust·receipt does not sell the goods to the importer or domestic trader, and whether or not the bank, finance company, or individual has an intention of selling goods to him, it lends him credit and advances the money for the buyer's account."

The proposed amended complaint also alleges facts which are claimed to justify a recovery under the doctrine, adopted by this court, that the assets of an insolvent corporation are a trust fund for the benefit of creditors. Smith et al. v. McCowan, 60 S. D. 504, 244 N. W. 891. We

are convinced that the property in dispute was not the property of the insolvent corporation within the meaning of this so called trust fund doctrine. Under our view of this trust receipt transaction no sale or passing of title was ever consummated. There was no intention on behalf of the Aberdeen Storage Battery Company to purchase any goods from the Commercial Credit Company. The substance of the transaction was that the Aberdeen Company wished to make a loan from the Commercial Credit Company and the trust receipt arrangement was the method used. Certainly the Commercial Credit Company did not intend to sell goods to the Aberdeen Company. Selling goods was not the business of this company, its business was loaning money. Resort was had to the trust receipt under the express terms of which title was in the Commercial Credit Company and the Aberdeen Company obtained simply the right to hold and sell the property under the terms of the agreement. No sale to the Aberdeen Company was consummated, and the Aberdeen Company had no title or property in the goods within the meaning of the trust fund doctrine. This construction of the trust agreement also disposes of any claim that defendant secured an unlawful preference under the National Bankruptcy Act, 11 U. S. C. A. § 1 et seq.

It follows that, in our opinion, the proposed amended complaint fails to state a cause of action either upon the basis that the transaction amounted to a conditional sale or under the trust fund doctrine.

In our opinion the proposed amended complaint states no cause of action against the defendant. On the issue of conversion the complaint simply attempts to set forth the facts established at the former trial and which this court held were insufficient to show a conversion of the property. Other facts pleaded fail, in our opinion, to set forth any grounds upon which plaintiff might recover. It was error, therefore, to allow the amendment to the complaint.

The order appealed from is reversed. The trial court is directed to enter judgment dismissing plaintiff's complaint, and in favor of the defendant.

All the Judges concur.