## COGSWELL et al. v. DRENNEN.

(Circuit Court of Appeals, Fifth Circuit. February 1, 1921.)

No. 3593.

1. **Appeal and error** ⬅1097(1)—**Questions decided not re-examined on subsequent appeal.**

   Questions which have been decided on first appeal will not be re-examined on a subsequent appeal of the same suit.

2. **Appeal and error** ⬅1099(7)—**Former decision that evidence was sufficient to sustain recovery followed.**

   Where, on former appeal, a decree dismissing the bill was reversed, because there was evidence which, if believed by the District Judge was sufficient to sustain recovery, and District Judge at second trial, at which the evidence was substantially the same, rendered decree for complainants, thereby indicating that he believed such evidence, the sufficiency of the evidence will not be re-examined on a subsequent appeal.

   Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit by Felix M. Drennen, as receiver for the American Mortgage & Loan Company, against Sumter Cogswell and others. From a decree for complainant, defendants appeal. Affirmed.

See, also, 252 Fed. 776, 164 C. C. A. 616.

E. H. Cabaniss, of Birmingham, Ala., Forney Johnston, of Washington, D. C., and W. R. C. Cocke, John S. Stone, and Griffin Lamkin, all of Birmingham, Ala., for appellants.

J. L. Drennen, of Birmingham, Ala., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This suit was brought by appellee as receiver of the American Mortgage & Loan Company (herein called the American Company) against the Southern States Fire Insurance Company (herein called the Insurance Company) and seven of its stockholders, and is based upon a fraudulent conspiracy by the individual appellants to sell the stock of the Insurance Company to the American Company at an excessive price, as a result of which the American Company lost practically all of its assets. The bill seeks to recover the amount of such loss.

Evidence was taken, and upon final hearing the District Court dismissed the bill, upon the ground that the evidence, taken most favorably to appellee, disclosed no right to the relief sought. On appeal, this court held that the evidence, if believed by the District Judge to be true, was sufficient to sustain the averments of the bill. The case was therefore reversed and remanded. Drennen v. Southern States Fire Insurance Co. et al., 252 Fed. 776, 164 C. C. A. 616. After receipt of the mandate of this court, and upon a further hearing, the District Court entered a decree in favor of appellee against the individual appellants jointly for the amount found to represent the difference between the book value of the stock and the price at which it was sold by them to the American Company, and from that decree the individual appellants have taken the present appeal.

February 2, 1914, appellants, while all of them were stockholders, and six of the seven of them were directors, of the Insurance Company, sold 4,647 shares of its capital stock, each of them owning a part of it, of the par value of $5 each, to the American Company at $10 per share. Three of the appellants who were directors of the Insurance Company were also at the same time directors of the American Company. The American Company, not having funds to purchase this stock, borrowed a portion of the purchase price from a bank of which Enslen, one of the appellants and a director in both the Insurance Company and the American Company, was president, and executed its notes to the individual appellants for the balance of the purchase price. The money borrowed from the bank and the notes to the individual appellants were finally paid off with money borrowed by the American Company from the Insurance Company, secured by the stock purchased in the first instance from appellants by the American Company. The theory of appellee is that appellants were making fraudulent use of the American Company for their own profit, benefit and advantage, and that they palmed off on the American Company their stock at about twice its value, and in doing so depleted the assets of that company to the extent of the difference between the real value and the fictitious value of the stock, which difference appellants received and divided up among themselves in proportion to their individual holdings of said stock. The averments of the bill and the evidence in support of it are set forth in much detail in the opinions of this court on the former appeal.

[1] The case is here upon practically the same evidence as before. It is not seriously contended that the additional testimony taken after the case was remanded is of such character as to overcome the

evidence which has already been held sufficient to constitute a fraudulent conspiracy. There was no substantial additional evidence. This appeal is at last but an effort to secure a rehearing of the case upon practically the same record. It is well settled that questions which have been decided on one appeal will not be re-examined on a subsequent appeal of the same suit. Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; United States v. Camou, 184 U. S. 572, 22 Sup. Ct. 505, 46 L. Ed. 694; Souer v. De Bary, 105 Fed. 293, 44 C. C. A. 484.

[2] Appellants recognize this well-established rule, but seek to avoid its application. It is argued that what was held by the majority of this court on the former appeal should not be taken as the expression of an opinion upon the merits. It may very well be, if the District Judge had found for appellants upon the evidence, that a decree dismissing the bill would not have been reversed. Yet the fact remains, and must not be lost sight of, that a majority of this court held on the former appeal that the evidence, if believed by the District Judge to be true, was sufficient to prove the conspiracy charged. That the District Judge did believe such evidence to be true, we are bound by the decree to assume.

The decree is affirmed.

WALKER, Circuit Judge, dissents.